**Reverse and Render in part; Affirm in part; Opinion Filed November 27, 2012.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01468-CV

### ADT SECURITY SERVICES, INC., Appellant

### V.

### VAN PETERSON FINE JEWELERS, Appellee

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-12111**

# OPINION

Before Justices Moseley, FitzGerald, and Myers
Opinion By Justice Moseley

This is an agreed interlocutory appeal from an order denying ADT Security Services, Inc.'s

two motions for summary judgment. Initially, the trial court granted both of ADT's motions, which

disposed of all claims brought by Van Peterson Fine Jewelers against ADT. However, Van Peterson

filed a motion for new trial, which the trial court granted. In the order granting Van Peterson's

motion for new trial, the trial court also denied ADT's motions for summary judgment.

In four issues on appeal, ADT argues the trial court erred by denying its motions for summary

judgment because (1) Van Peterson cannot show ADT was responsible for an unknown person's

conduct; (2) ADT did not owe a duty to Van Peterson; (3) the parties' contract includes a limitation-

of-liability provision that defeats Van Peterson's claims for breach of contract, negligence, gross

negligence, and negligent misrepresentation; and (4) Van Peterson's subrogated insurer can not pursue a claim under the Texas Deceptive Trade Practices Act.

Because we conclude this appeal may materially advance the ultimate termination of the litigation, we consider ADT's arguments. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 1051, § 1, 2005 Tex. Gen. Laws 3512, 3513 (applying to lawsuits filed on or after September 1, 2005), amended by Act of May 25, 2011, 82d Leg., ch. 203, § 3.01, 2011 Tex. Gen. Laws 758, 759 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2011)). However, for the reasons set forth herein, we reject ADT's first issue and sustain its third issue. We do not reach the merits of ADT's second and fourth issues. As a result, we reverse the trial court's denial of ADT's traditional motion for summary judgment as to Van Peterson's claims for negligence, gross negligence, breach of contract, and negligent misrepresentation and render judgment in ADT's favor on those claims. In all other respects, we affirm the trial court's order and remand this case for further proceedings.

## Background

Van Peterson operated a retail jewelry store. In 1999, Van Peterson and ADT entered into a contract whereby ADT agreed to provide commercial alarm services to Van Peterson. In its lawsuit, Van Peterson alleges that in 2007 an unidentified man wearing an ADT uniform and driving an ADT van came to the jewelry store and sold Van Peterson a cellular backup device for its alarm system. Van Peterson contends that instead of installing the cellular backup device, the man disabled the alarm.

In September 2007, Van Peterson's store was burgled, the wires for the security alarm were cut, the backup system was destroyed, and approximately $1 million worth of jewelry was stolen.

## Procedural History

Van Peterson sued ADT for its damages resulting from the burglary. It alleged causes of action for breach of contract, negligence, gross negligence, negligent misrepresentation, civil conspiracy, fraud, and violations of the Deceptive Trade Practices Act (DTPA). In response, ADT asserted that the unidentified man was not its employee, that it did not sell Van Peterson a cellular backup device, and that the parties' contract includes a limitation-of-liability provision that defeats several of Van Peterson's claims.

ADT filed a traditional motion for summary judgment; the trial court granted the motion in part and dismissed Van Peterson's claims for breach of contract, negligence, gross negligence, and negligent misrepresentation. ADT then filed a no-evidence motion for summary judgment on Van Peterson's DTPA, civil conspiracy, and fraud claims, which the trial court granted. The court ordered Van Peterson take nothing on its claims against ADT.

Van Peterson filed a motion for new trial asking the trial court to reconsider ADT's motions for summary judgment. The trial court granted the motion for new trial and denied both of ADT's motions for summary judgment.

Pursuant to former section 51.014(d) of the Texas Civil Practice and Remedies Code, the trial court then signed an order allowing the parties to submit this agreed interlocutory appeal from its order granting Van Peterson's motion for new trial and denying ADT's motions for summary judgment. *See id.* This appeal followed.

## Analysis

ADT does not challenge the trial court's authority to rule on the motion for new trial. It challenges the trial court's denial of its motions for summary judgment.

In its first issue, ADT argues Van Peterson's claims fail because Van Peterson cannot prove ADT is vicariously liable for the conduct of the unidentified person who allegedly came to Van Peterson's store to upgrade the alarm. Therefore, ADT argues, the trial court erred by denying its motion for summary judgment. However, ADT did not assert this argument as a basis for summary judgment in either of its motions. ADT first raised this argument in its reply in support of its no-evidence motion for summary judgment. Without obtaining Van Peterson's consent, ADT was not entitled to raise a new grounds for summary judgment in its reply to Van Peterson's response. *See All Metals Fabricating, Inc. v. Foster Gen. Contracting, Inc.*, 338 S.W.3d 615, 622 (Tex. App.—Dallas 2011, no pet.) (citing *Sanders v. Capitol Area Council*, 930 S.W.2d 905, 911 (Tex. App.—Austin 1996, no writ)). Thus, we reject ADT's first issue.

In its third issue, ADT asserts the trial court erred by denying its traditional motion for summary judgment, at least in part, because the parties' contract includes a limitation-of-liability provision that defeats Van Peterson's claims for negligence, gross negligence, breach of contract, and negligent misrepresentation. We apply a well-established standard for reviewing a traditional summary judgment under rule 166a(c). *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We review a trial court's summary judgment de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary, L.P.*, 198 S.W.3d 462, 464 (Tex. App.—Dallas, 2006, no pet.).

The parties entered into a Commercial Sales Proposal/Agreement. Immediately above the signature line for Van Peterson's representative, the contract states: "**ATTENTION IS DIRECTED**

TO THE WARRANTY LIMIT OF LIABILITY AND OTHER CONDITIONS ON THE REVERSE SIDE." Under the heading "TERMS AND CONDITIONS" on the following page, the contract states:

> IT IS UNDERSTOOD THAT ADT IS NOT AN INSURER, THAT INSURANCE, IF ANY, SHALL BE OBTAINED BY THE CUSTOMER AND THAT THE AMOUNTS PAYABLE TO ADT HEREUNDER ARE BASED UPON THE VALUE OF THE SERVICES AND THE SCOPE OF LIABILITY AS HEREIN SET FORTH AND ARE UNRELATED TO THE VALUE OF THE CUSTOMER'S PROPERTY OR PROPERTY OF OTHERS LOCATED IN CUSTOMER'S PREMISES. CUSTOMER AGREES TO LOOK EXCLUSIVELY TO CUSTOMER'S INSURER TO RECOVER FOR INJURIES OR DAMAGE IN THE EVENT OF ANY LOSS OR INJURY AND RELEASES AND WAIVES ALL RIGHT OF RECOVERY AGAINST ADT ARISING BY WAY OF SUBROGATION. ADT MAKES NO GUARANTEE OR WARRANTY, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS, THAT THE SYSTEM OR SERVICES SUPPLIED, WILL AVERT OR PREVENT OCCURRENCES OR THE CONSEQUENCES THEREFROM, WHICH THE SYSTEM OR SERVICES IS DESIGNED TO DETECT. . . . THE CUSTOMER DOES NOT DESIRE THIS CONTRACT TO PROVIDE FOR FULL LIABILITY OF ADT AND AGREES THAT ADT SHALL BE EXEMPT FROM LIABILITY FOR LOSS, DAMAGE OR INJURY DUE DIRECTLY OR INDIRECTLY TO OCCURRENCES, OR CONSEQUENCES THEREFROM, WHICH THE SERVICE OR SYSTEM IS DESIGNED TO DETECT OR AVERT . . . AND THAT THE PROVISIONS OF THIS PARAGRAPH SHALL APPLY IF LOSS, DAMAGE OR INJURY, IRRESPECTIVE OF CAUSE OR ORIGIN, RESULTS DIRECTLY OR INDIRECTLY TO PERSON OR PROPERTY FROM PERFORMANCE OR NONPERFORMANCE OF OBLIGATIONS IMPOSED BY THIS CONTRACT OR FROM NEGLIGENCE, ACTIVE OR OTHERWISE, STRICT LIABILITY, VIOLATION OF ANY APPLICABLE CONSUMER PROTECTION LAW OR ANY OTHER ALLEGED FAULT ON THE PART OF ADT, ITS AGENTS OR EMPLOYEES.

Van Peterson argues the DTPA voids limitation-of-liability provisions like this one. However, the DTPA provision Van Peterson cites addresses a party's attempted waiver of a claim brought under the DTPA. *See* TEX. BUS. & COM. CODE § 17.42. The limitation-of-liability provision in the contract waives only Van Peterson's claims for negligence, gross negligence, breach of contract, and negligent misrepresentation—not its DTPA claim. Thus, Section 17.42 does not

–5–

invalidate the limitation provision. *See Arthur's Garage, Inc. v. Racal-Chubb Sec. Sys., Inc.*, 997 S.W.2d 803, 810 (Tex. App.—Dallas 1999, no writ) (parties' agreement to limit liability for future negligence was enforceable and favored by public policy).

The liability waiver in ADT and Van Peterson's contract provides Van Peterson will look only to its insurer to recover for injuries or damages in the event of loss, including losses attributable to ADT's performance or nonperformance of its obligations under the contract or from negligence. Because Van Peterson contractually agreed to seek recovery from its insurer, and only its insurer, in the event of a loss due to breach of contract or negligence, and because Van Peterson now seeks to recover those damages from ADT, the trial court erred by denying ADT's traditional motion for summary judgment on Van Peterson's claims for negligence, gross negligence, breach of contract, and negligent misrepresentation. We sustain ADT's third issue.

Because we sustain ADT's third issue, we need not address ADT's second issue in which it argues ADT did not owe Van Peterson a duty to monitor or maintain its alarm system and, therefore, could not be held liable for damages under theories of negligence, gross negligence, or negligent misrepresentation. TEX. R. APP. P. 47.1.

ADT's fourth issue states: "Van Peterson's subrogated insurer cannot pursue a claim under the DTPA because it is not a 'Consumer.'" ADT argues "the trial court erred in allowing [the insurer] to pursue its DTPA claim." Van Peterson's insurer may be involved in this litigation, but is not a *party* to this litigation. Only Van Peterson sued ADT for damages. The insurer did not join ADT as a plaintiff and the insurer has not been sued as a third party. Therefore, any opinion from this Court regarding whether the insurer could pursue a claim under the DTPA would be advisory.

*See generally Senter Invs., L.L.C. v. Veerjee*, 358 S.W.3d 841, 844 (Tex. App.—Dallas 2012, no pet.) (citing *Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators, USA*, 335 S.W.3d 361, 364 (Tex. App.—Dallas 2010, no pet.). We decline to address ADT's fourth issue.

## Conclusion

We reverse the trial court's denial of ADT's traditional motion for summary judgment as to Van Peterson's claims for negligence, gross negligence, breach of contract, and negligent misrepresentation and render judgment in ADT's favor on those claims. In all other respects, we affirm the trial court's order and remand this case for further proceedings.[1]

JIM MOSELEY
JUSTICE

111468F.P05

---

[1] Our opinion does not address the trial court's denial of ADT''s motions for summary judgment with respect to Van Peterson's claims for civil conspiracy, fraud, or violations of the DTPA.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ADT SECURITY SERVICES, INC.,
Appellant

No. 05-11-01468-CV          V.

VAN PETERSON FINE JEWELERS,
Appellee

Appeal from the Court Name 191st Judicial
District Court of Dallas County, Texas.
(Tr.Ct.No. Cause No. DC-09-12111-J).
Opinion delivered by Justice Moseley,
Justices FitzGerald and Myers participating.

In accordance with this Court's opinion of this date, the July 29, 2011, order of the trial court is **REVERSED IN PART** and judgment is **RENDERED** granting ADT Security Services, Inc.'s traditional motion for summary judgment as to Van Peterson Fine Jewelers' claims for negligence, gross negligence, breach of contract, and negligent misrepresentation. We **AFFIRM** the trial court's order with respect to all other claims addressed in ADT Security Services, Inc.'s traditional motion for summary judgment and ADT Security Services, Inc.'s no evidence motion for summary judgment. We **REMAND** this case to the trial court for further proceedings.

It is **ORDERED** that each party bear their own costs of appeal.

Judgment entered November 27, 2012.

JIM MOSELEY
JUSTICE