**DISMISS; and Opinion Filed July 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00646-CV

### ADT SECURITY  SERVICES, INC., Appellant
### V.
### VAN PETERSON FINE JEWELERS, Appellee

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-12111**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

This is an agreed appeal from an interlocutory order pursuant to former civil practice and remedies code section 51.014(d). We dismiss the appeal for want of jurisdiction.

Appellant ADT Security Services, Inc. provided commercial alarm services to appellee Van Peterson Fine Jewelers. Van Peterson filed suit against ADT after a 2007 burglary. In a previous interlocutory appeal, we reversed the trial court's denial of ADT's traditional motion for summary judgment as to Van Peterson's claims for negligence, gross negligence, breach of contract, and negligent misrepresentation, and rendered judgment in favor of ADT on those claims. *ADT Sec. Servs., Inc. v. Van Peterson Fine Jewelers*, 390 S.W.3d 603, 607–08 (Tex. App.—Dallas 2012, no pet.). Our opinion did not address the trial court's denial of ADT's motions for summary judgment with respect to Van Peterson's claims for civil conspiracy, fraud, or violations of the DTPA. *Id.* at 608 n.1.

On remand, the case proceeded to trial before a jury. The jury made findings in favor of Van Peterson on one of its DTPA claims, but did not award all of the damages Van Peterson sought. Both parties filed post-verdict motions. Van Peterson moved to disregard the jury's award of damages, and ADT filed a motion to disregard certain jury findings and for judgment notwithstanding the verdict (JNOV). In a single order, the trial court (1) denied Van Peterson's motion; (2) denied ADT's motion; and (3) *sua sponte* granted a new trial. In this interlocutory appeal, the parties and the trial court request review by this Court of each of these rulings.

Pursuant to former[1] section 51.014(d) of the Texas Civil Practice and Remedies Code, the parties agreed to file an interlocutory appeal from the trial court's order, and the trial court by written order permitted the appeal. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1051, 2005 Tex. Gen. Laws 3512–13 (amended 2011) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2015)). Former section 51.014(d) provided:

> (d) A district court . . . may issue a written order for interlocutory appeal in a civil action not otherwise appealable under this section if:
>
> (1) the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion;
>
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and
>
> (3) the parties agree to the order.

*Id.*

In its "Order Permitting Agreed Interlocutory Appeal and Staying Trial Court Proceedings," the trial court identified "controlling questions of law to which there are substantial grounds for difference of opinion" in accordance with the requirements of section 51.014(d). The trial court grouped the questions into three categories: (1) ADT's issues

---

[1] The parties agree that because suit was filed in 2009, the former law applies.

challenging the jury charge, the verdict, and the sufficiency of the evidence; (2) Van Peterson's issue challenging the jury's damages award; and (3) the trial court's *sua sponte* grant of a new trial.

Because interlocutory appeals are allowed "in only narrow situations permitted by statute," we strictly construe section 51.014(d). *State Fair of Tex. v. Iron Mountain Info. Mgmt.*, 299 S.W.3d 261, 264 (Tex. App.—Dallas 2009, no pet.). Even where the parties agree, we have declined to exercise jurisdiction where we have determined there is no "controlling question of law as to which there is a substantial ground for difference of opinion." *See id.* A sister court recently proffered an explanation of the standard, quoting a commentator:

> [A] controlling question of law is one that deeply affects the ongoing process of litigation. If resolution of the question will considerably shorten the time, effort, and expense of fully litigating the case, the question is controlling. Generally, if the viability of a claim rests upon the court's determination of a question of law, the question is controlling. . . . Substantial grounds for disagreement exist when the question presented to the court is novel or difficult, when controlling circuit law is doubtful, when controlling circuit law is in disagreement with other courts of appeals, and when there simply is little authority upon which the district court can rely. . . . Generally, a district court will make [a finding that the appeal will facilitate final resolution of the case] when resolution of the legal question dramatically affects recovery in a lawsuit.

*Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 543–44 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (quoting Renee Forinash McElhaney, *Toward Permissive Appeal in Texas*, 29 ST. MARY'S L.J. 729, 747–49 (1998)).

Because the trial court has granted a new trial, the parties' issues pointing out specific problems with the charge and the jury's verdict are not controlling questions of law. Our opinions on those questions would "affect the ongoing process of litigation" only if the case was again submitted to a jury. *See id.* We have rejected an agreed interlocutory appeal where we concluded that any opinion we issued "would necessarily be advisory." *See Colonial Cnty. Mut. Ins. Co. v. Amaya*, 372 S.W.3d 308, 310–11 (Tex. App.—Dallas 2012, no pet.). And there is no

"novel or difficult" question presented about the trial court's authority to grant new trial on its own motion. Texas Rule of Civil Procedure 320 expressly provides that "[n]ew trials may be granted and judgment set aside for good cause, on motion *or on the court's own motion* on such terms as the court shall direct." TEX. R. CIV. P. 320 (emphasis added). We have limited mandamus jurisdiction to address the propriety of the trial court's order granting new trial. *See, e.g., In re Zimmer, Inc.*, 451 S.W.3d 893, 898 (Tex. App.—Dallas 2014, orig. proceeding). But because neither Van Peterson nor ADT contends the amount of damages awarded by the jury is correct and should stand, there is no "substantial ground for difference of opinion" even between the parties on the propriety of the trial court's setting the award aside. The "difference of opinion" arises in the proposed solutions to the jury's alleged error: disregard of its affirmative findings (ADT), modification of the damages award (Van Peterson), or new trial (trial court). This is not a disagreement about a question of law on which "the viability of a claim rests." *See Gulf Coast Asphalt Co.*, 457 S.W.3d at 543–44.

We further conclude that interlocutory appeal would not "materially advance the ultimate termination of the litigation" as required by section 51.014(d)(2). In *Gulf Coast Asphalt*, the court concluded that an interlocutory appeal of a partial summary judgment order would not materially advance the ultimate termination of the litigation where the trial court "ruled on only one legal question that might possibly affect only one facet" of one claim. *See Gulf Coast Asphalt*, 457 S.W.3d at 545 (noting that "[n]either party argues that this appeal will considerably shorten final resolution of the case").

In the previous appeal of this case, we concluded an interlocutory appeal of the trial court's denial of summary judgment "may materially advance the ultimate termination of the litigation." *ADT Sec. Servs., Inc.*, 390 S.W.3d at 604–05. That interlocutory appeal resolved Van Peterson's claims for negligence, gross negligence, breach of contract, and negligent

–4–

misrepresentation as a matter of law, because we concluded those claims were barred by a disclaimer in the parties' contract. *Id.* at 606–07.

The issues raised in this interlocutory appeal, in contrast, address errors in the submission of the case to the jury and the trial court's grant of a new trial based on its own finding of a different error. It is not clear how resolving these questions will materially advance the ultimate termination of the litigation. Whether or not we conclude the trial court's grant of a new trial was an abuse of discretion, neither party would seek judgment without further litigation. And reviewing errors in a jury charge and a damages award that have been set aside by the trial court may result only in the remedy the trial court has already granted, a new trial.

We conclude that the questions presented are not controlling questions of law as to which there is a substantial ground for difference of opinion and their resolution would not materially advance the termination of the litigation as required by section 51.014(d). The parties and the trial court do not ask us to resolve a discrete legal issue as they did in the previous appeal. Here, Van Peterson seeks a judgment for more damages than the jury awarded, but ADT seeks to set aside the liability findings on which a judgment for any damages would rest. ADT and the trial court request an advisory opinion on charging the jury on retrial. And a ruling on the trial court's grant of a new trial would result only in further issues to be resolved. We conclude there is no controlling question of law we could resolve which would materially advance the termination of the ligation. Accordingly, we dismiss this appeal for want of jurisdiction.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

150646F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADT SECURITY  SERVICES, INC.,
Appellant

No. 05-15-00646-CV        V.

VAN PETERSON FINE JEWELERS,
Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 09-12111.
Opinion delivered by Chief Justice Wright;
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 29th day of July, 2015.