**Opinion issued July 25, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00415-CV

————————————

**JESSIE LAVALLE MARSHALL, Appellant**

**V.**

**PRIMEWAY FEDERAL CREDIT UNION, Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-17060**

---

## MEMORANDUM OPINION

Appellant Jessie Lavalle Marshall challenges the trial court's order granting summary judgment in favor of appellee, PrimeWay Federal Credit Union, on PrimeWay's suit for payment of a promissory note (the "Note") and on Marshall's counterclaim alleging that PrimeWay misrepresented the amount of his debt on the

Note in violation of the Texas Debt Collection Act ("TDCA"). *See* TEX. FIN. CODE §§ 392.001–.404. Marshall also challenges the trial court's denial of his motion for new trial.

In a single cross-point, PrimeWay asks that we reform the trial court's judgment to correct alleged errors regarding contractual and post-judgment interest.

We affirm.

## Background

Marshall borrowed $10,000.00 from PrimeWay at an annual interest rate of 13.74% annually pursuant to a Note requiring him to make monthly payments of $248.55 (after the first month).

Marshall fell behind on his payments, and on March 10, 2017, PrimeWay filed suit against him alleging that "as of February 7, 2017, $10,043.54 is owed, plus interest on the principal balance of $9,513.81, at the rate of 13.74% per annum, plus reasonable attorney's fees, and other costs." PrimeWay attached the Note and a payoff statement showing Marshall's balance on the Note "as of February 7, 2017."

In his answer, Marshall alleged as an affirmative defense that "the amount of the indebtedness referred to [in] Plaintiffs Original Petition is incorrect and exceeds the amount of the debt actually owed." On the same day, he also filed a counterclaim alleging that by failing to credit him with three payments he made after PrimeWay filed its petition, PrimeWay misrepresented the amount of his debt in violation of

the TDCA. *See* TEX. FIN. CODE § 392.304(a)(8) (prohibiting debt collector from using fraudulent, deceptive, or misleading representations that include misrepresenting character, extent, or amount of consumer debt or misrepresenting consumer debt's status in judicial or governmental proceeding).

On August 29, 2017, PrimeWay filed an amended petition crediting Marshall with the payments he made in March, April, May, and June of 2017—after PrimeWay had filed its original petition. Attached was an updated payoff statement showing the recent payments.

On November 27, 2017, PrimeWay filed a combined traditional summary-judgment motion on its claim against Marshall for failure to pay the Note and no-evidence summary-judgment motion seeking dismissal of Marshall's counterclaim.

On December 21, 2017, Marshall filed a response. In it, he did not dispute that he had failed to make payments on the Note; instead, he argued that PrimeWay had "failed to give him credit" for his December 19, 2017 payment of $250.00. In addition to his own affidavit stating that he had made the December 19, 2017 payment, Marshall attached a receipt for the payment.

PrimeWay filed a reply acknowledging Marshall's December 19, 2017 payment and attaching a revised proposed final judgment reflecting an offset for the payment of $250.00.

The trial court signed PrimeWay's revised final judgment rendering summary judgment for PrimeWay (1) on its claim for failure to pay the Note, and (2) on Marshall's counterclaim under the TDCA. The trial court awarded PrimeWay damages, interest, attorney's fees, and court costs.

Marshall filed a motion for new trial, arguing that the trial court's judgment did not conform to PrimeWay's summary-judgment motion because the judgment credited him with his December payment, but PrimeWay's summary-judgment motion did not. *See* TEX. R. CIV. P. 301 (requiring judgment of trial court to conform to pleadings). The trial court denied the motion.

In this appeal, Marshall challenges the trial court's final judgment granting summary judgment for PrimeWay on its claim for failure to pay the Note and on his counterclaim for TDCA violations, and denying his motion for a new trial. Additionally, PrimeWay requests by way of cross-point that we "revise or reform the trial court's judgment to correct mistake of omitting post judgment interest."

## Summary Judgment

In his first and second issues, Marshall argues that the trial court erred by rendering summary judgment in favor of PrimeWay on its claim for default on the Note and on Marshall's TDCA counterclaim.

## A.      Standard of Review

We review a trial court's ruling on a summary judgment motion de novo. *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 258 (Tex. 2018). To prevail on a traditional summary judgment motion, the movant bears the burden of proving that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *City of Richardson*, 539 S.W.3d at 258–59. Where, as here, a plaintiff moves for summary judgment on its own claim, it must prove that it is entitled to judgment as a matter of law on each element of its cause of action. *Lawyers Title Co. v. J.G. Cooper Dev., Inc.*, 424 S.W.3d 713, 717 (Tex. App.—Dallas 2014, pet. denied).

A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017). If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam); *see also First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (stating that fact question exists if evidence rises to level that would enable reasonable and fair-minded people to differ in their conclusions).

We review the evidence presented in the motion and response in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Helix Energy Sols. Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017) (quoting *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)).

To prevail on a no-evidence summary-judgment motion, a movant must state that there is no evidence of an essential element of the nonmovant's cause of action or affirmative defense. TEX. R. CIV. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn v. Love*, 321 S.W.3d 517, 524 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

## B.    Traditional Summary Judgment on PrimeWay's Claim

In his first issue, Marshall contends that the trial court erred by granting relief on grounds not presented in PrimeWay's summary-judgment motion.[1] According to Marshall, because PrimeWay's motion did not include his December payment—which had not yet been made at the time PrimeWay filed the motion—the trial court erred in awarding, in its final judgment, an amount of damages that credited him for that payment.

Marshall bases this contention on the rule that summary judgments may only be granted on grounds expressly asserted in the summary judgment motion. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam) (citing TEX. R. CIV. P. 166a(c)); *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (holding that motion for summary judgment must expressly present grounds on which it is made). As we understand it, Marshall's argument is that PrimeWay's agreement in its reply to offset its damages by a payment he made *after* PrimeWay filed its motion for summary judgment constitutes a new "ground"

---

[1]    Marshall attacks only the trial court's damages award. He does not challenge the determination that he defaulted under the Note. *See Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 84 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("To recover on a debt due under a promissory note, a lender must establish that the note in question exists, the debtor executed the note, the lender is the holder or owner of the note, and a certain balance is due and owing on the note.").

7

for granting the motion. We will address only a few of the many flaws in this argument.

First, an agreement to an offset does not constitute a new "ground" for recovery, but is instead merely a concession to aid the court in determining PrimeWay's damages for Marshall's default under the Note. *See, e.g.*, *Garza v. CTX Mortg. Co.*, 285 S.W.3d 919, 923 (Tex. App.—Dallas 2009, no pet.) ("The term 'grounds' means the reasons that entitle the movant to summary judgment, in other words, 'why' the movant should be granted summary judgment."). Stated differently, PrimeWay did not argue in its reply that agreeing to the offset somehow entitled it to relief—indeed, PrimeWay's agreement to the offset served only to decrease its damages award. The relief it sought in its petition and summary-judgment motion was in no way dependent on the offset.

Indeed, PrimeWay's motion could not have included Marshall's December 19, 2017 payment because that payment had not yet been made at the time PrimeWay filed its motion. Nothing in the summary judgment rules or case law supports the suggestion that a creditor should be required to file an amended summary-judgment motion each time its debtor makes an additional payment.

And even if PrimeWay's concession regarding the December payment could be considered a new ground for summary judgment, PrimeWay was entitled to raise it because Marshall, by being the first to present it, plainly consented. *See ADT Sec.*

8

*Servs., Inc. v. Van Peterson Fine Jewelers*, 390 S.W.3d 603, 606 (Tex. App.—Dallas 2012, no pet.) ("Without obtaining [nonmovant]'s consent, [movant] was not entitled to raise a new grounds for summary judgment in its reply to [nonmovant]'s response."); *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 25 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("In the absence of the nonmovant's consent, a movant may not raise a new ground for summary judgment in a reply to the nonmovant's response.").

We overrule Marshall's first issue.

## C.    No-Evidence Summary Judgment on Marshall's Counterclaim

In his second issue, Marshall argues that the trial court erred in granting PrimeWay's no-evidence summary-judgment motion on his counterclaim alleging that PrimeWay violated the TDCA. *See* TEX. FIN. CODE §§ 392.001–.404.

The TDCA provides remedies for wrongful debt collection practices used by a debt collector. *See id*. To recover under the TDCA, a plaintiff must prove that: (1) a debt collector used "a fraudulent, deceptive, or misleading representation that employs" one of several prohibited practices, including, as Marshall pleaded here, "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding"; and (2) the plaintiff sustained actual damages as a result. *Id.* §§ 392.304(a)(8), 392.403(a)(2).

9

In his counterclaim, Marshall alleged that PrimeWay violated the TDCA by misrepresenting the amount of his debt in pleadings filed in this case. *See id.* § 392.304(a)(8) (prohibiting debt collector from using fraudulent, deceptive, or misleading representations that include misrepresenting character, extent, or amount of consumer debt or misrepresenting status of consumer debt in judicial or governmental proceeding).

In its no-evidence motion, PrimeWay argued that Marshall failed to present evidence showing that (1) PrimeWay's pleadings misrepresented the amount Marshall owed on the Note, and (2) he sustained actual damages as a result. Thus, to avoid summary-judgment, Marshall had to present evidence raising a genuine issue of material fact as to the elements of misrepresentation and damages. *See Mack Trucks*, 206 S.W.3d at 582 (holding that, to avoid summary judgment, nonmovant must present evidence raising genuine issue of material fact as to each element challenged in no-evidence summary-judgment motion).

The only evidence Marshall presented to avoid summary judgment against him shows that on December 19, 2017, he made a payment on the Note. Marshall argues that this shows that PrimeWay misrepresented the amount he owed on the Note because this payment does not appear in the damages section of PrimeWay's November 27, 2017 summary-judgment motion. But the payment is not included in the motion for the obvious reason that it was made several weeks *after* the motion

10

was filed. Because the payment had not been made when PrimeWay filed its motion, it is not evidence that PrimeWay "overstated the amount of his actual debt" by "fail[ing] to give him credit" in its summary-judgment motion.

Marshall failed to present any evidence that PrimeWay misrepresented the amount he owed. We therefore hold that the trial court properly granted summary judgment on Marshall's TDCA claim.[2]

We overrule Marshall's second issue.

### Motion for New Trial

In his third issue, Marshall argues that the trial court erred by denying his motion for new trial because the final judgment "was based upon evidence not alleged in [PrimeWay]'s motion for summary judgment."

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). A failure to provide substantive analysis of an issue or cite appropriate authority waives

---

[2] Because we affirm the trial court's rendition of no-evidence summary judgment on this basis, we do not address PrimeWay's challenge to the damages element of Marshall's counterclaim. *See* TEX. R. APP. P. 47.1 (requiring appellate court to hand down written opinion that addresses every issue raised and necessary to final disposition of appeal).

a complaint on appeal. *Hooks v. Brenham Hous. Auth.*, No. 01-17-00602-CV, 2018 WL 6061307, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (mem. op.); *Washington. v. Bank of N.Y.*, 362 S.W.3d 853, 854–55 (Tex. App.—Dallas 2012, no pet.); *Cervantes-Peterson v. Tex. Dep't of Family & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Marshall's entire argument challenging the trial court's denial of his motion for new trial consists of three sentences and includes only one case citation which describes very generally the function of a new trial motion. Marshall makes no effort to explain, analyze, or support his assertion that the trial court's judgment "was based upon evidence not alleged in [PrimeWay]'s motion for summary judgment." *See Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) ("Our appellate rules have specific requirements for briefing. These rules require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record . . . . The brief fails if we must speculate or guess about the appellant's contentions." (internal citations omitted)); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("We have no duty to brief appellant's issue for [him]. Failure to cite to applicable authority or provide substantive analysis waives an issue on appeal.").

12

Accordingly, we hold that Marshall waived his third issue on appeal.

## PrimeWay's Cross-Point

In its sole cross-point, PrimeWay requests that we reform the final judgment to reflect what it contends is the correct interest rate. According to PrimeWay, the trial court changed the proposed final judgment PrimeWay had submitted to reflect a 5% interest rate instead of the 13.74% interest rate specified in the Note and, "in what appears to be an unintentional mistake," ordered post-judgment interest to accrue only through February 20, 2018, the day before the final judgment.

A party who seeks to alter the trial court's judgment must file a notice of appeal. TEX. R. APP. P. 25.1(c). The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause. *Id.*; *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex. 2004); *Grocers Supply, Inc. v. Cabello*, 390 S.W.3d 707, 733 (Tex. App.—Dallas 2012, no pet.).

The changes PrimeWay seeks would afford it greater relief than that granted by the trial court's judgment. Because PrimeWay did not file a notice of appeal or make any attempt to show that it had "just cause" excusing its failure to do so, we decline to reform the trial court's final judgment.

We overrule PrimeWay's sole cross-point.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Kelly, and Goodman.