**Dismissed and Opinion Filed October 5 , 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00913-CV

### JEFF SILL AND NEWPORT CONSTRUCTION SERVICES, INC., Appellants

### V.

### LYNN FORNER F/K/A LYNN BEALL, Appellee

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-02253-2014**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Justice Stoddart

Pursuant to Texas Civil Practice and Remedies Code section 51.014 and Texas Rule of Appellate Procedure 28.3, Jeff Sill and Newport Construction Services, Inc. have filed a petition for permissive interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d),(f) (West 2015); TEX. R. APP. P. 28.3. We may accept an interlocutory appeal if (1) the order being appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion, and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d),(f) (West 2015). A "controlling question of law as to which there is a substantial ground for difference of opinion" has been explained as follows:

[A] controlling question of law is one that deeply affects the ongoing process of litigation. If resolution of the question will considerably shorten the time, effort, and expense of fully litigating the case, the question is controlling. Generally, if the viability of a claim rests upon the court's determination of a question of law, the question is controlling . . .. Substantial grounds for disagreement exist when the question presented to the court is novel or difficult, when controlling circuit law is doubtful, when controlling circuit law is in disagreement with other courts of appeals, and where there simply is little authority upon which the district court can rely. . .. Generally, a district court will make [a finding that the appeal will facilitate final resolution of the case] when resolution of the legal question dramatically affects recovery in a lawsuit.

*ADT Sec. Servs., Inc. v. Van Peterson Fine Jewelers*, 05-15-00646-CV, 2015 WL 4554519 *2

(Tex. App.—Dallas July 29, 2015, no pet.) (mem. op.) (quoting *Gulf Coast Asphalt Co. v. Lloyd*,

457 S.W.3d 539, 543-44 (Tex. App.—Houston [14th Dist.] 2015, no pet.)).

The order appellants seek permission to appeal denies their motion for partial summary

judgment on their claim that a default judgment entered against them was void for lack of

service. The order further identifies three legal questions which the trial court concluded would

immediately end the dispute between the parties, Those questions concern service of process

and are well-settled. Well-settled questions are not proper for a permissive appeal because they

are not subject to "a substantial ground for difference of opinion." *See* TEX. CIV. PRAC. & REM.

CODE ANN. § 51.014(d),(f); *ADT*, 2015 WL 4554519 *2. Accordingly, we deny the petition and

dismiss the appeal for want of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f);

TEX. R. APP. P. 28.3(j), 43.2(f).

150913F.P05

/Craig Stoddart/
CRAIG STODDART
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEFF SILL AND NEWPORT
CONSTRUCTION SERVICES, INC.,
Appellants

No. 05-15-00913-CV     V.

LYNN FORNER F/K/A LYNN BEALL,
Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-02253-2014.
Opinion delivered by Justice Stoddart. Chief
Justice Wright and Justice Lang-Miers
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Lynn Forner f/k/a Lynn Beall recover her costs, if any, of this appeal from appellants Jeff Sill and Newport Construction Services, Inc.

Judgment entered this 5th day of October, 2015.