

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00271-CV

Prema **DURAIRAJ**,
Appellant

v.

Govindasamy **DURAIRAJ**, Individually; Govindasamy Durairaj, as trustee of the G. Durairaj Children's Trust; Govindasamy Durairaj, as trustee of the Govingdasamy and Prema Durairaj Living Trust; Govindasamy Durairaj, as trustee in the derivative capacity of Suriya Family Limited Partnership; and Vijai Durairaj;
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI13549
Honorable Peter A. Sakai, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: August 21, 2019

PETITION DENIED, APPEAL DISMISSED FOR LACK OF JURISDICTION

Prema Durairaj has filed a petition for permission to appeal an interlocutory order dismissing, for lack of standing, some of her claims in the underlying lawsuit. The interlocutory order, which is not otherwise immediately appealable, shows the trial court granted permission to appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); TEX. R. APP. P. 28.3(a); TEX. R. CIV. P. 168. A response opposing the petition has been filed.

This court has jurisdiction to accept a permissive appeal only when (1) the interlocutory order being appealed involves a controlling question of law as to which a substantial ground for difference of opinion exists, and (2) an immediate appeal of the interlocutory order may materially advance the ultimate termination of the litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §51.014(d),(f); *Gulf Coast Asphalt Co., L.L.C. v. Lloyd*, 457 S.W.3d 539, 543 (Tex. App.—Houston [14th Dist.] 2015, no pet.). In her petition, Durairaj argues the interlocutory order involves a controlling question of law as to which a substantial ground for difference of opinion exists, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. However, after carefully considering the petition and the response, we conclude the petition does not satisfy the statutory requirements for a permissive appeal. Accordingly, we deny the petition for permission to appeal and dismiss this appeal for lack of jurisdiction. *See Gulf Coast Asphalt*, 457 S.W.3d at 545 (denying a motion for permissive appeal and dismissing the appeal for lack of jurisdiction when the motion failed to satisfy the statutory requirements).

PER CURIAM