# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00275-CV

---

**Harden Healthcare, LLC, Appellant**

**v.**

**OLP Wyoming Springs, LLC, Appellee**

---

**FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY**
**NO. 18-1511-C368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Harden Healthcare, LLC (HH) petitions for permissive appeal from an interlocutory order granting a motion for partial summary judgment filed by OLP Wyoming Springs, LLC (OLP). OLP has filed a response opposing HH's petition. When an interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation," a trial court may permit an appeal from the interlocutory order, and we have discretion to accept the appeal. Tex. Civ. Prac. & Rem. Code § 51.014(d), (f); *see Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730–33 (Tex. 2019).

Because we conclude that HH has not demonstrated "how an immediate appeal from the order may materially advance the ultimate termination of the litigation," we deny HH's petition.[1]

In the underlying suit, OLP sued HH for breach of lease guaranties that were signed by Benjamin Hanson, purportedly on HH's behalf as its executive vice president and general counsel. Based on Hanson's deposition testimony, OLP moved for partial summary judgment on HH's liability on this claim, which the trial court granted. The interlocutory order imposes liability on HH "with damages to be determined," states that "immediate appeal of this Order may materially advance the ultimate termination of the litigation as a decision from the appellate court could advance settlement discussions and/or provide clarity as to whether [HH] can be subject to liability," and identifies two "controlling questions of law." *See* Tex. R. Civ. P. 168 (requiring trial court order to identify controlling questions of law and state why immediate appeal may advance ultimate termination of litigation). First, "is a company officer's representation of his authority to bind the company sufficient to establish actual or apparent authority?" Second, "can a movant for summary judgment meet its burden to prove a company officer had authority to execute an agreement, and therefore shift the burden to the non-movant, where the movant relies only on the sworn deposition testimony of the company officer?"

Importantly, the trial court's partial summary judgment concerned only HH's liability on OLP's claim for breach of lease guaranties. And HH does not dispute OLP's representation in its response that the following issues remain pending for litigation: the amount of damages arising from HH's breach of lease guaranties; Hanson's and HH's competing breach of fiduciary duty claims; and HH's counterclaim against OLP for allegedly aiding and abetting

---

[1] We express no opinion as to whether the order involves a controlling question of law as to which there is a substantial ground for difference of opinion.

2

Hanson's purported breach of fiduciary duty. HH nevertheless argues that immediate review of this issue "would materially advance the resolution of the litigation by removing an appealable error that may lead this Court to later remand the litigation for a new trial." But if we were to grant permission to appeal and HH was successful on interlocutory appeal, we would reverse the partial summary judgment. Thus, the issue of HH's liability on OLP's claim for breach of lease guaranties would remain pending for litigation to be tried along with the other remaining issues. *See ADT Sec. Servs., Inc. v. Van Peterson Fine Jewelers*, No. 05-15-00646-CV, 2015 WL 4554519, at *3 (Tex. App.—Dallas July 29, 2015, no pet.) (mem. op.) (concluding interlocutory appeal would not materially advance ultimate termination of litigation because even if permission were granted and regardless of result on appeal "neither party would seek judgment without further litigation"). Rather than materially advancing the ultimate termination of the litigation, we would be expanding the issues to be tried in the trial court that may or may not be appealed post-trial. *See Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 545 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (denying permission for interlocutory appeal and noting that trial court's partial summary judgment concerned only "one legal question that might possibly affect only one facet" of claim); *Trailblazer Health Enters. v. Boxer F2, L.P.*, No. 05-13-01158-CV, 2013 WL 5373271, at *1 (Tex. App.—Dallas Sept. 23, 2013, no pet.) (mem. op.) (noting that "there are several other issues in the litigation; there is no evidence that the ultimate termination of the litigation would be advanced by allowing this appeal"); *cf. Armour Pipe Line Co. v. Sandel Energy, Inc.*, No. 14-16-00010-CV, 2016 WL 514229, at *4 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, no pet.) (per curiam) (mem. op.) ("Rule 168's purpose—to provide a means for expedited appellate disposition of focused and potentially

dispositive legal questions—is not served if this procedure is used to obtain piecemeal appellate review of ordinary interlocutory summary judgment orders.").

HH also argues that "because claims still remain challenging Hanson's authority to bind [HH], and discovery will finally become available to [HH] in the trial court, allowing the underlying litigation to proceed without resolution of the questions presented will likely lead to competing findings on the issue of Hanson's authority." But OLP based its motion for partial summary judgment on discovery—i.e., Hanson's deposition—and HH does not explain why discovery was unavailable to it prior to the summary judgment proceeding. To the extent that HH believes that discovery would lead to new evidence as to Hanson's authority, HH has not explained why the ultimate termination of litigation would be materially advanced by seeking an interlocutory appeal in this Court prior to the discovery of such evidence rather than by filing in the trial court a motion for new trial of the partial summary judgment upon the discovery of that evidence. *See* Tex. R. App. P. 28.3(e)(4) (requiring petitioner to "argue clearly and concisely" how immediate appeal from order may materially advance ultimate termination of litigation).

Finally, HH claims that "an immediate appeal now may obviate a long and costly trial and appeal by restoring the status quo and enabling the parties to assess a reasonable and amicable resolution of the Lawsuit." But restoring the status quo by granting permission to appeal—when HH's requested appellate relief would not resolve the question of HH's liability—does not necessarily promote settlement; rather, it would redistribute the negotiating power of the parties seeking settlement, while at the same time increasing their pretrial costs litigating the interlocutory appeal. In this case, we cannot conclude that an immediate appeal would materially advance the ultimate termination of litigation by promoting settlement. *Cf. Oklahoma Specialty Ins. v. St. Martin De Porres, Inc.*, No. 05-17-00194-CV, 2017 WL 1737997, at *1

4

(Tex. App.—Dallas May 4, 2017, no pet.) (mem. op.) (denying permissive appeal because it "will not materially advance the ultimate termination of the litigation by considerably shortening the time, effort, and expense involved in obtaining a final judgment").

Having carefully reviewed the petition, the response, and the reply, we conclude that HH did not establish the statutory requirements for a permissive appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d)(2), (f). Accordingly, we deny HH's petition for permissive appeal.

 

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Smith

Filed: November 20, 2020