

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00030-CV
_____

JOHN TRAYLOR D/B/A JOHN TRAYLOR INSURANCE, Appellant

V.

RAMONA LANE, Appellee

On Appeal from the 76th District Court
Morris County, Texas
Trial Court No. 26,113

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

John Traylor d/b/a John Traylor Insurance requests this Court's permission to bring a permissive appeal pursuant to Section 51.014(d) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (Supp.); *see also* TEX. R. APP. P. 28.3; TEX. R. CIV. P. 168. Because the trial court's order granting permission to seek a permissive appeal fails to comply with Rule 168 of the Texas Rules of Civil Procedure and because Traylor's petition fails to satisfy the requirements of Rule 28.3(e)(4) of the Texas Rules of Appellate Procedure, we deny the request.

## I.    Background

Ramona Lane sued John Traylor d/b/a/ John Traylor Insurance complaining of on-the-job sexual harassment, discrimination, retaliation, and a hostile work environment.

Traylor filed a plea to the jurisdiction alleging that Lane failed to exhaust her administrative remedies under the Texas Commission on Human Rights Act and failed to file a claim with the Equal Employment Opportunity Commission. The trial court granted the plea to the jurisdiction on "[p]laintiff's claims as to sexual harassment, hostile work environment, discrimination and any other claims arising out of the sexual harassment allegation" and dismissed those claims with prejudice. The trial court denied Traylor's plea to the jurisdiction "regarding [p]laintiff's claim of tort based on assault."

This Court dismissed, for want of jurisdiction, Traylor's appeal of the trial court's order. Thereafter, Traylor filed a second plea to the jurisdiction for failure to exhaust administrative

remedies—the denial of which he now seeks permission to appeal pursuant to Section 51.014(d). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).

## II.  Discussion

Section 51.014(d) of the Texas Civil Practice and Remedies Code provides that certain otherwise non-appealable orders may be appealed.  The statute states:

> (d)     On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> > (1)     the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
> >
> > (2)     an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).  Rule 28.3 of the Texas Rules of Appellate Procedure requires that the petition for permissive appeal must "argue clearly and concisely why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation."  TEX. R. APP. P. 28.3(e)(4).  Finally, Rule 168 of the Texas Rules of Civil Procedure provides that a trial court may permit an appeal from an otherwise unappealable interlocutory order.  The trial court must grant such permission in the order to be appealed, and the "permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation."  TEX. R. CIV. P. 168.

3

Here, the trial court's order stated:

On the 14th day of March, 2023, the Court heard Defendant's Second Plea to the Jurisdiction. The Court finds that the motion should be Denied.

IT IS THEREFORE ORDERED that Defendant's Second Plea to the Jurisdiction regarding Plaintiff's Common Assault Cause of Action is Denied.

IT IS FURTHER ORDER[ED] that Defendant is permitted to appeal this order to the Texas Sixth Court of Appeals, Texarkana pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) based on the following factors:

(1)    the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2)    an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Although the trial court's order expressly grants permission to appeal the order, it does not identify the "controlling question of law as to which there is a substantial ground for difference of opinion." The order likewise does not "state why an immediate appeal may materially advance the ultimate termination of litigation." TEX. R. CIV. P. 168. The order does not provide any information regarding the basis of the second plea to the jurisdiction or the court's reasons for denying it. Consequently, the trial court's order does not comply with Rule 168 of the Texas Rules of Civil Procedure. "Rule 168 plainly requires the court, in the portion of the order that grants permission to appeal, to identify the controlling question of law at issue." *Armour Pipe Line Co. v. Sandel Energy, Inc.*, No. 14-16-00010-CV, 2016 WL 514229, at *1 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, no pet.) (per curiam) (mem. op.) (quoting *Long v. State*, No. 03-12-00437-CV, 2012 WL 3055510, at *1 (Tex. App.—Austin July 25, 2012, no pet.) (mem. op.) ("denying application for interlocutory appeal because the trial court's order

4

does not identify the controlling question of law")); *see Est. of Marshall*, 04-15-00521-CV, 2015 WL 5245268, at \*1 (Tex. App.—San Antonio Sept. 9, 2015, no pet.) (per curiam) (mem. op.) (denying application for interlocutory appeal because the trial court's order did not "state why an immediate appeal may materially advance the ultimate termination of the litigation").

In addition, "rule 28.3 requires that a petition for permission to appeal must 'argue clearly and concisely why the order to be appealed' meets those two requirements." *Indus. Specialists, LLC v. Blanchard Ref. Co., LLC*, 652 S.W.3d 11, 15 (Tex. 2022) (quoting TEX. R. APP. P. 28.3(e)(4)). After having reviewed Traylor's petition for permission to appeal, we have concluded that it fails to comply with Rule 28.3(e)(4). Although the petition states what Traylor believed to be the controlling question of law, the petition did not explain whether the question involved a "substantial ground for difference of opinion" and did not explain how "an immediate appeal from the order may materially advance the ultimate termination of the ligation." TEX. R. APP. P. 28.3(e)(4); *see Gulf Coast Asphalt Co., L.L.C. v. Lloyd*, 457 S.W.3d 539, 545 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Richardson v. Kays*, No. 02-03-241-CV, 2003 WL 22457054, at \*2 (Tex. App.—Fort Worth Oct. 30, 2003, no pet.) (per curiam) (mem. op.) (denying an application to appeal that did "not mention, discuss, or analyze why the issue . . . involves a controlling question of law as to which there is a substantial ground for difference of opinion").

## III.    Conclusion

Because the trial court's order does not comply with Rule 168 and because the petition does not comply with Rule 28.3(e)(4), we must deny the petition seeking permission to appeal

the interlocutory order. Because Traylor also filed a notice of appeal in this cause, thereby attempting to invoke this Court's jurisdiction, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. 25.1(b).


Charles van Cleef
Justice

Date Submitted:     May 4, 2023
Date Decided:       May 5, 2023