**Order Withdrawn, Motion Denied, Appeal Dismissed, and Opinion filed January 29, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00991-CV

---

### GULF COAST ASPHALT COMPANY, L.L.C. AND TRIFINERY, INC., Appellants

### V.

### RUSSELL T. LLOYD, JOHN M. O'QUINN & ASSOCIATES, L.L.P., AND JOHN M. O'QUINN & ASSOCIATES, P.L.L.C., Appellees

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2011-61780**

---

## O P I N I O N

Appellants Gulf Coast Asphalt Company, L.L.C. and Trifinery, Inc. (collectively, Gulf Coast) bring this permissive interlocutory appeal of a partial summary judgment in their legal malpractice action against appellees Russell T. Lloyd, John M. O'Quinn & Associates, L.L.P., and John M. O'Quinn & Associates, P.L.L.C. (collectively, the Lawyers). Concluding that the trial court's

order at issue does not comply with the statute permitting interlocutory appeals, we withdraw our order granting the motion for permissive appeal, deny the motion, and dismiss the appeal for want of jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(f); Tex. R. App. P. 28.3(j), 43.2(f).

## *Background*

The Lawyers represented Gulf Coast in two lawsuits—one in California state court for breach of contract and fraud seeking over $100 million in damages and one in an Alabama federal court seeking injunctive relief under the Federal Resource Conservation and Recovery Act (RCRA)—against Chevron U.S.A., Inc. and a Chevron affiliate. Both lawsuits were dismissed by the respective trial courts. The allegations in both underlying actions revolved around the 1993 sale of a tract of land in Mobile, Alabama from Chevron to Trifinery. The land subsequently was transferred through reorganization to Gulf Coast Asphalt Company. Chevron had operated a refinery on the tract for over sixty years, and Gulf Coast planned to construct and operate an asphalt plant on the site. According to allegations in the underlying lawsuits, Chevron provided an inaccurate description of a 1976 asphalt residuum spill on the property, significantly minimizing the extent of the spill and misrepresenting the scope of remediation efforts. The suits alleged that these inaccuracies induced Trifinery to buy the property, breached the contract of sale, prevented the construction and operation of the intended asphalt plant, and violated certain RCRA provisions.

The California lawsuit was dismissed with prejudice for violation of a California procedural rule requiring that cases must be tried within five years of being filed. Cal. Civ. Proc. Code § 583.310 ("An action shall be brought to trial within five years after the action is commenced against the defendant."). There are several ways that the five-year period can be extended, including by agreement of

2

the parties.   In this regard, section 583.330 specifically provides that

> The parties may extend the time within which an action must be brought to trial pursuant to this article by the following means:
>
>     (a) By written stipulation. The stipulation need not be filed but, if it is not filed, the stipulation shall be brought to the attention of the court if relevant to a motion for dismissal.
>
>     (b) By oral agreement made in open court, if entered in the minutes of the court or a transcript is made.

*Id*. § 583.330.

The California lawsuit was filed on June 15, 2004, making the original five-year deadline June 15, 2009.  The parties, however, signed a written stipulation extending the deadline to December 31, 2009.  *See id*. § 583.330(a).  On August 4, 2009, the court held a hearing principally concerning outstanding summary judgment issues.  During the hearing, it became apparent that the trial needed to be moved from its scheduled date in order to permit more time for presentation of the summary judgment issues and due to scheduling conflicts.  At the conclusion of the hearing, the trial judge said, "Well, why don't we select a date after the first of the year."  It was then agreed that the remaining discussion did not need to be on the record.   A trial minute order from that date reflects that "COUNSEL STIPULATE TO A CONTINUANCE OF THE TRIAL TO 2/16/10."

On February 5, 2010, Chevron filed a motion to dismiss based on passage of the five-year deadline and claiming that the only valid extension was the parties' written stipulation extending the deadline to December 31, 2009.  Based on the August 4 discussion in the courtroom and the minute order, Gulf Coast contended that the five-year deadline was further extended pursuant to section 583.330(b) to the new trial date of February 16.  The California trial court, however, disagreed and dismissed Gulf Coast's case with prejudice in a seventeen-page order that will

3

be discussed in more detail below.

In the Alabama federal lawsuit, which had been filed in 2009, Chevron moved for summary judgment on the basis that Gulf Coast Asphalt Company did not have standing to bring RCRA claims because, at the time suit was filed, the property was actually owned by GC Realty, Inc. and not Gulf Coast Asphalt Company.[1] The Alabama federal court granted Chevron's motion on August 30, 2010, dismissing Gulf Coast's claims. The court also awarded Chevron attorney's fees of nearly $1 million on its third-party indemnification claim against Trifinery. After Gulf Coast filed appeals in both lawsuits, settlement negotiations began. Chevron intimated it would seek additional attorney's fees and costs in the California lawsuit. After requesting Lloyd's advice, which included Lloyd's estimate that the additional fees and costs could be in the $8-10 million range, Gulf Coast agreed to settle both lawsuits by paying Chevron $500,000.

On October 13, 2011, Gulf Coast filed the current malpractice action against the Lawyers, alleging that Lloyd's mishandling of the two cases denied Gulf Coast any recovery against Chevron and further cost them $500,000 in settlement of the underlying lawsuits. Among other things, Gulf Coast alleged that Lloyd's failure in the California lawsuit to obtain a valid extension of the trial deadline or to begin trial before the deadline fell short of the standard of care. In their motion for partial summary judgment, the Lawyers argued that the California trial court erred in its interpretation and application of the trial deadline rules and should not have dismissed the case. The Lawyers specifically asserted that the parties' agreement to reschedule the trial date past the five-year deadline also operated to extend the deadline. On this basis, they contended that either they complied with the statutory exception contained in section 583.330(b) or Chevron was estopped from seeking

---

[1] Several interlocutory orders previously had dismissed Gulf Coast's other claims.

4

dismissal after agreeing to the continuance.

Although the Lawyers' motion sought summary judgment against Gulf Coast's legal malpractice claim in its entirety as well as against "all . . . claims and causes of action . . . relating to the California lawsuit," the trial court's order, on which this request for permissive appeal is based, used significantly narrower language, granting partial summary judgment "regarding compliance with section 583 of the California Code of Civil Procedure." The court did not state its reasons. After the grant of partial summary judgment, Gulf Coast amended its pleadings to allege an alternative claim for malpractice based on Lloyd's recommendation of settlement in lieu of continuing the California and Alabama appeals.[2]

### *Does the appeal involve a controlling issue of law as to which there is a substantial ground for difference of opinion?*

Courts of appeals do not have jurisdiction over appeals from interlocutory orders—such as the partial summary judgment order in this case—unless a statute provides for an interlocutory appeal from such orders. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Under section 51.014(d) of the Texas Civil Practice and Remedies Code, we may accept a permissive interlocutory appeal if (1) the order being appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion, and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d), (f); *Hebert v. JJT Const.*, 438 S.W.3d 139, 140 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

As indicated above, in their motion for summary judgment, the Lawyers

---

[2] In its live pleading, Gulf Coast alleges thirteen counts of professional negligence relating to the California lawsuit and seven counts of professional negligence relating to the Alabama lawsuit, in addition to other causes of action.

asserted that the California trial court erred in its interpretation of section 583.330 of the California Code of Civil Procedure. In its seventeen-page order, the California trial court repeatedly stated that it was dismissing the case because, in order to extend the deadline by oral agreement, there must be an agreement made in open court that *expressly extended the deadline itself* and that a stipulation or oral agreement that merely moved the trial to a date beyond the deadline was insufficient. This statement appears to be in contradiction of California precedent. *See, e.g., Miller & Lux, Inc. v. Superior Court*, 219 P. 1006, 1007-08 (Cal. 1923) ("A [written] stipulation . . . expressly waiving the benefit of the section, *or* postponing the case to a time beyond the statutory period, would have the effect of extending the statutory period to the date to which the trial was postponed.") (emphasis added).[3] However, even if the California trial court incorrectly stated the law in its order, it does not necessarily follow that the oral agreement otherwise complied with the California statute, that the California case ultimately would have been reinstated, or that Lloyd met the applicable standard of care.[4]

---

[3] In 1984, the trial deadline rules were modified to permit extensions by oral agreement in open court, where previously extensions by agreement were available only by written stipulation. *See generally Wheeler v. Payless Super Drug Stores, Inc.*, 238 Cal. App. 3d 1292, 1295-97 (Cal. Ct. App. 1987) (discussing historical development of California trial deadline rules). The *Miller & Lux* opinion predates this change and thus only mentions written stipulations.

[4] The California trial court did not decide certain issues, including whether there actually was an oral agreement made in open court that satisfied the requirements of section 583.330(b) and operated to extend the trial deadline. Moreover, the record before us does not conclusively establish what happened off-the-record at the conclusion of the August 4, 2009 hearing in the California trial court. In its judgment, the California trial court mentions that at least some form of proceeding or discussion occurred after the recording of events ended and that at some point the judge left the bench, but the court does not state exactly who said what, when, and in whose presence. Lloyd himself testified at his deposition that he did not clearly recall the events that transpired off the record on August 4, 2009.

The California trial court additionally did not address whether the minute order itself could have been sufficient to establish that such an agreement had occurred. *See generally Meskell v. Culver City Unified School Dist.*, 12 Cal.App.3d 815, 821 (Cal. Ct. App. 1970) (explaining that court minutes "import absolute verity unless and until amended"). The court

In its statement of permission granting an interlocutory appeal under section 51.014, a trial court must identify the controlling question of law as to which there is a substantial ground for difference of opinion and must state why an immediate appeal may materially advance the ultimate termination of the litigation. Tex. R. Civ. P. 168; *Hebert*, 438 S.W.3d at 141; *see also* Tex. Civ. Prac. & Rem. Code § 51.014(d). Here, the court stated the issues undergirding the permissive appeal were (1) whether compliance with a California statute presents a question of law and (2) whether its summary judgment ruling is correct. The court did not explain under section 51.014(d)(2) why an appeal from its order may materially advance the ultimate termination of the litigation.

In its petition for permissive appeal, Gulf Coast stated the controlling issue of law was whether a trial judge could determine "the question of breach" where the facts are hotly contested.[5] Gulf Coast argued that a reversal of the ruling on partial summary judgment would allow it to prosecute the case on its preferred theory of liability.[6] *See id.* § 51.014(f). The Lawyers, in their response to the petition, agreed that the order involved a controlling issue of law, but reframed the issue: whether Lloyd complied with the California statute. They argued, however, that without an assurance that the issue is dispositive of all claims related to the California case, there is no showing by Gulf Coast that the ultimate termination of the litigation will be advanced.[7] Neither side cites any support for the notion that

---

concluded only that the minute order did not extend the deadline because it mentioned only the trial date and not the statutory deadline itself.

[5] In its petition for permission, Gulf Coast presented three issues, but only one "controlling issue." In its brief, Gulf Coast added two additional issues. All the new issues challenge the correctness of the trial court's ruling.

[6] "The [ruling] . . . redefines the underlying reality and how this case will be tried."

[7] In a post-submission letter, Gulf Coast suggests the controlling issue of law "is whether it is proper for [the Texas trial judge] to stand in the shoes of the California appellate courts and speculate about how that court (and presumably the California Supreme Court) would have ruled

the parties can add to the judge's description of the controlling issue of law. Tex. R. Civ. P. 168; *Hebert*, 438 S.W.3d at 141; *see also* Tex. Civ. Prac. & Rem. Code § 51.014(d).

The proper scope of a permissive appeal is the determination of controlling legal issues, about which there are legitimate disagreements, necessary to the resolution of the case. *See Diamond Prods. Int'l v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (construing prior version of the statute); *see also Tex. Farmers Ins. Co. v. Minjarez*, No. 08–12–00272–CV, 2012 WL 5359284, at *1 (Tex. App.—El Paso Oct. 31, 2012, no pet.) (mem. op.) (quoting House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 978, 77th Leg., R.S. (2001), which explained that enacting section 51.014 would promote judicial efficiency by "allowing the trial court to certify a question for appeal" when "the trial court rules on an issue that is pivotal in a case but about which there is legitimate disagreement").

There has been little development in the case law construing section 51.014 regarding just what constitutes a controlling legal issue about which there is a difference of opinion and the resolution of which disposes of primary issues in the case. At least one Texas commentator suggests looking to federal cases interpreting similar language in the federal counterpart to section 51.014, contained at 28 U.S.C. § 1292(b). *See* Renée Forinash McElhaney, *Toward Permissive Appeal in Texas*, 29 St. Mary's L. J. 729, 747-49 (1998). McElhaney concludes that

> a controlling question of law is one that deeply affects the ongoing process of litigation. If resolution of the question will considerably shorten the time, effort, and expense of fully litigating the case, the

had the appeal not been dismissed as part of global settlement recommended and orchestrated by Lloyd."

8

question is controlling. Generally, if the viability of a claim rests upon the court's determination of a question of law, the question is controlling . . . . Substantial grounds for disagreement exist when the question presented to the court is novel or difficult, when controlling circuit law is doubtful, when controlling circuit law is in disagreement with other courts of appeals, and when there simply is little authority upon which the district court can rely. . . . Generally, a district court will make [a finding that the appeal will facilitate final resolution of the case] when resolution of the legal question dramatically affects recovery in a lawsuit.

*Id.* (citations and paragraphing omitted).

While the partial summary judgment at issue may be important to Gulf Coast's claims, it does not dispose of controlling issues in the case. *See Diamond Prods.*, 142 S.W.3d at 495-96; *see also In Re Estate of Fisher*, 421 S.W.3d 682, 684-5 (Tex. App.—Texarkana 2014, no pet.) (explaining that a grant of partial summary judgment does not necessarily decide a controlling question of law); *King-A Corp. v. Wehling*, No. 13-13-00100-CV, 2013 WL 1092209, at *3 (Tex. App.—Corpus Christi March 14, 2003, no pet.) ("[W]e disapprove of the notion that this standard [substantial ground for difference of opinion] is met by default whenever a trial court rules against a petitioner for permissive review.").

In granting partial summary judgment in this case, the Texas trial court ruled on only one legal question that might possibly affect only one facet of Gulf Coast's malpractice claim. It did not rule that Lloyd did not commit malpractice in the California case prior to settlement or otherwise; it merely granted partial summary judgment "regarding compliance with section 583 of the California Code of Civil Procedure." Even if the ruling impairs Gulf Coast's presentation of the evidence, it is no less disruptive than an adverse evidentiary ruling or the striking of an expert. Gulf Coast's legal malpractice damages claim survives. Neither party argues that this appeal will considerably shorten final resolution of the case.

Given the limited nature of interlocutory appeals and the requirement we construe statutes authorizing such appeals strictly, we conclude Gulf Coast has not satisfied the statutory requirements of section 51.014(d). *See State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 264 (Tex. App.—Dallas 2009, no pet.).[8] Specifically, Gulf Coast has failed to demonstrate that this case presents a controlling question of law about which there is a substantial ground for difference of opinion or that the appeal may materially advance the ultimate termination of the litigation. Accordingly, we withdraw our order granting the motion for permissive appeal, deny the motion, and dismiss the appeal for want of jurisdiction.

/s/    Martha Hill Jamison
Justice

Panel consists of Justices Jamison, McCally, and Busby.

---

[8] The Lawyers apparently agreed to this permissive appeal; however, we may not disregard the statutory requirements of section 51.044 to enlarge appellate jurisdiction to any agreed interlocutory appeal. *See State Fair of Tex.*, 299 S.W.3d at 264.