

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-15-00296-CV

_____

### AUSTIN COMMERCIAL, L.P., PETITIONER

### V.

### TEXAS TECH UNIVERSITY, RESPONDENT

On Petition for Permissive Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2014-511,045; Honorable William C. Sowder, Presiding

August 11, 2015

## ORDER DENYING PERMISSIVE APPEAL

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before this court is the *Petition for Permissive Interlocutory Appeal* filed by Petitioner, Austin Commercial, L.P., and the *Motion to Dismiss* filed by Respondent, Texas Tech University. Finding the dispute at issue is not one appropriate for permissive interlocutory appeal, we deny the petition and dismiss this proceeding for want of jurisdiction.

The underlying dispute involves an interpretation of the payment provisions of a multi-million dollar construction contract between Austin and Texas Tech. Austin contends the payment provisions of the contract call for a lump sum amount, whereas Texas Tech contends the payment provisions call for a cost-plus amount. Following a summary judgment motion filed by Austin, the trial court determined that the payment provisions of the contract were ambiguous. In its *Second Amended Order on Austin's Motion for Summary Judgment*, the trial court stated that it denied summary judgment due to its finding of ambiguity pertaining to "whether payment is called for on a lump sum or for reimbursement on a 'cost of the work' basis." The court further stated that its ambiguity determination was a "controlling question of law as to which there was a substantial difference of opinion" and that an immediate appeal of its decision "may materially advance the ultimate termination of litigation because the interpretation of the method of payment . . . forms the basis of each parties' claims . . . ."

In its petition for permissive appeal filed pursuant to section 51.014(d) of the Texas Civil Practice and Remedies Code, Austin contends the trial court's determination of ambiguity is a question of law appropriate for permissive appeal because it involves a controlling question of law as to which there is a substantial ground for a difference of opinion and the resolution of that issue will materially advance the ultimate termination of this litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2015). On the other hand, Texas Tech contends the trial court's preliminary determination of ambiguity is not a controlling question of law.

Since the enactment of section 51.014(d), there has been little development in the case law regarding just what constitutes a controlling legal issue. At least one

2

Texas commentator has suggested that we should look to federal cases interpreting similar language in the federal counterpart to section 51.014, contained at 28 U.S.C. § 1292(b). *See* Renée Forinash McElhaney, *Toward Permissive Appeal in Texas*, 29 St. Mary's L. J. 729, 747-49 (1998). In that law review article, McElhaney concludes that:

> [A] controlling question of law is one that deeply affects the ongoing process of litigation. If resolution of the question will considerably shorten the time, effort, and expense of fully litigating the case, the question is controlling. Generally, if the viability of a claim rests upon the court's determination of a question of law, the question is controlling . . . . Generally, a district court will make [a finding that a permissive appeal is appropriate] when resolution of the legal question dramatically affects recovery in a lawsuit.

*Id.* (citations and paragraphing omitted).

In its order permitting an interlocutory appeal, the trial court must identify the controlling question of law as to which there is a substantial ground for difference of opinion and state why an immediate appeal may materially advance the ultimate termination of the litigation. *See* TEX. R. CIV. P. 168; *Gulf Coast Asphalt Co., L.L.C. v. Lloyd*, 457 S.W.3d 539, 543-44 (Tex. App.—Houston [14th] 2015, no pet.). *See also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). Here, the trial court stated that its finding on ambiguity "as to whether payment is called for on a lump sum or for reimbursement on a 'cost of the work' basis" was the controlling question of law as to which there was a substantial difference of opinion. While we agree that an actual interpretation of the contract as to whether it called for a lump sum payment or a payment based on a cost-plus basis would be a controlling question of law as to which the parties have a substantial difference of opinion—that is not what the trial court decided. The trial court merely decided that the contract provision was ambiguous.

While the issue of ambiguity is an important question of law affecting the presentation of evidence during any ultimate trial of this dispute, it is not a "controlling question of law" as contemplated by section 51.014(d) of the Texas Civil Practice and Remedies Code and Rule 28.3 of the Texas Rules of Appellate Procedure because it does not dispose of a controlling question in the case. In finding that the contract payment provisions were ambiguous, the trial court ruled on only one facet of the dispute. It did not interpret the disputed contract provisions; it merely left open the issue of resolving the intent of the parties. Even if the trial court's ruling of ambiguity was erroneous (a matter we do not address) it is not determinative of the ultimate dispute between the parties.

Given the limited nature of permissive appeals and the requirement that we must construe statutes authorizing such appeals strictly, we conclude Austin has not satisfied the statutory requirements of section 51.014(d). *See Gulf Coast Asphalt*, 457 S.W.3d at 545. Specifically, Austin has failed to demonstrate that the trial court determined a controlling question of law about which there is a substantial ground for difference of opinion or that the appeal might materially advance the ultimate termination of this litigation. Accordingly, we deny the petition for permissive appeal and dismiss this proceeding for want of jurisdiction. Our decision renders moot Texas Tech's motion to dismiss.

Per Curiam