# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00571-CV

---

**Madeleine Connor, Appellant**

**v.**

**Douglas Hooks and Elizabeth Hooks, Appellees**

---

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-000428, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Madeline Connor petitions this Court for permission to appeal from an interlocutory order granting summary judgment to Douglas and Elizabeth Hooks. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d) (authorizing trial court to permit interlocutory appeals in certain circumstances), (f) (requiring party seeking appeal to petition appellate court for permission); Tex. R. App. P. 28.1 (addressing requirements of petition). For the reasons that follow, we will deny the petition.

Connor, an attorney, sued the Hooks in connection with an allegedly false online review of her services. Connor asserted a claim for defamation, and the Hooks moved for summary judgment on the statute of limitations. Connor then amended her petition to add a claim for intentional infliction of emotional distress. The district court granted summary

judgment on the defamation claim and, by separate order, granted Connor permission to appeal from that order.

Section 51.014 of the Civil Practice and Remedies Code authorizes a trial court to permit an appeal of an order "not otherwise appealable" if "the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Tex. Civ. Prac. & Rem. Code § 51.014(d). Appellate courts have discretion to accept such an interlocutory appeal if it meets those requirements and the party seeking to appeal files with the court of appeals "an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d)." *Id.* § 51.014(f); *see also Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 731 (Tex. 2019) (confirming that Legislature granted appellate courts discretion to accept or reject permissive appeals).

"In its statement of permission granting an interlocutory appeal under section 51.014, a trial court must identify the controlling question of law as to which there is a substantial ground for difference of opinion and must state why an immediate appeal may materially advance the ultimate termination of the litigation." *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 543–44 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing Tex. R. Civ. P. 168 (incorporating section 51.014(d)). Permission to appeal "'must be stated in the order to be appealed,' not in a subsequent order." *Devine v. Doh Oil Co.*, No. 03-19-00639-CV, 2020 WL 1161102, at *1 (Tex. App.—Austin Mar. 11, 2020, no pet.) (mem. op.) (quoting Tex. R. Civ. P. 168). The district court's grant of permission is not stated in the order to be appealed, and it does not identify a controlling question of law or find that an immediate appeal may materially advance the ultimate termination of the litigation. Because the order appealed from

2

fails to comply with the statutory requirements, we deny Connor's petition. *See* Tex. R. Civ. P. 168; *Scarborough v. City of Houston*, No. 01-16-00302-CV, 2017 WL 117329, at *1 (Tex. App.—Houston [1st Dist.] Jan. 12, 2017, no pet.) (mem. op.) (denying petition because order "does not identify the controlling question of law or state why an immediate appeal may materially advance the ultimate termination of the litigation").

_____

Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Filed:   August 27, 2020