**DENIED and Opinion Filed September 20, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00288-CV**

**ZURICH AMERICAN INSURANCE COMPANY, Petitioner**
**V.**
**MB2 DENTAL SOLUTIONS, LLC, Respondent**

**On Petition for Permissive Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-06249**

## OPINION

Before Justices Molberg, Pedersen, III, and Carlyle
Opinion by Justice Molberg

In this proceeding, Zurich American Insurance Company seeks permission to appeal a partial summary judgment order. The underlying case involves a coverage dispute between Zurich and its insured, MB2 Dental Solutions, LLC. After Zurich denied coverage under three separate policy provisions for claimed losses due to governmental COVID-19 orders limiting the services available or the capacity at MB2's businesses, MB2 filed suit alleging breach of contract as to all three coverage provisions, various violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Eventually, the parties each moved for partial

summary judgment on the issue of liability for breach of contract under one of the three coverage provisions at issue. After the trial court partially granted and partially denied each side's motion, Zurich sought and obtained permission from the trial court to petition this Court for a permissive interlocutory appeal. Because we conclude that an immediate appeal from the partial summary judgment order would not materially advance the ultimate resolution of the case, we deny Zurich's petition.

## Background

MB2 has a commercial property insurance policy with Zurich covering more than 200 business locations across the nation. According to MB2, its businesses sustained significant losses as a result of various governmental stay-at-home orders issued during the COVID-19 pandemic, forcing the suspension, cessation, or slowdown of its business operations at each location. MB2 submitted claims for these losses to Zurich under its policy's business-income, civil-authority, and interruption-by-communicable-disease (ICD) coverages. Zurich denied coverage under all three provisions.

Following the coverage denial, on April 30, 2020, MB2 sued Zurich and the assigned claims adjuster, alleging breach of contract as to all three provisions under which Zurich denied coverage, violations of Texas Insurance Code Chapters 541 and 542, and breach of the duty of good faith and fair dealing. Over three years after the suit was originally filed, Zurich moved for both traditional and no-evidence partial summary judgment on MB2's breach-of-contract claim concerning the ICD

–2–

coverage provision. The trial court indefinitely continued Zurich's no-evidence motion, set the traditional motion for hearing, and allowed MB2 time to file a cross-motion for summary judgment on the ICD coverage issue to be heard in conjunction with Zurich's motion.

The parties fully briefed the competing partial summary judgment motions as well as Zurich's objections to MB2's summary-judgment evidence. The trial court held a hearing on the motions and objections and considered additional briefing submitted afterwards.

On January 17, 2024, the trial court issued an omnibus order. First, the order overruled Zurich's evidentiary objections. Second, the order granted in part MB2's motion for partial summary judgment and denied in part Zurich's motion for partial summary judgment, ruling that state and/or local governmental orders prohibited access to MB2's locations in Alaska, Arizona, Colorado, Florida, Kansas, Louisiana, Missouri, New Mexico, Oklahoma, Tennessee, and Dallas County, Texas, thereby triggering ICD coverage for such locations. Third, the order denied in part MB2's motion for partial summary judgment and granted in part Zurich's motion for partial summary judgment, impliedly ruling that ICD coverage was not triggered for MB2's locations in Arkansas, Connecticut, Delaware, Georgia, Illinois, and all Texas counties other than Dallas County. Finally, the order reserved for the trier of fact a determination on damages and any other relief tied to the select locations for which ICD coverage was triggered.

On February 23, 2024, the trial court amended its order to certify Zurich's ability to seek a permissive interlocutory appeal. On March 11, 2024, Zurich filed this petition for permissive appeal asking this Court to review the omnibus partial summary judgment order.

## Applicable Law

Generally, with a few mostly statutory exceptions, an appeal may be taken only from a final judgment. *See CPS Energy v. Elec. Reliability Council of Tex.*, 671 S.W.3d 605, 614 (Tex. 2023); *Singh v. RateGain Travel Techs., Ltd.*, No. 05-23-01088-CV, 2023 WL 8642555, at *1 (Tex. App.—Dallas Dec. 14, 2023, no pet.) (mem. op.). One statutory exception is found under section 51.014, subsection (d), of the Texas Civil Practice and Remedies Code; it provides that a trial court "may" permit an appeal from an interlocutory order that is not otherwise appealable if (1) the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). Subsection (f) further provides that, if a trial court permits such an appeal, the court of appeals "may" accept the appeal if the appealing party timely files "an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d)." *Id.* § 51.014(f).

Appellate courts have no discretion to accept a permissive appeal if section 51.014(d)'s two requirements are not satisfied. *Indus. Specialists, LLC v. Blanchard*

–4–

*Refin. Co.*, 652 S.W.3d 11, 15–16 (Tex. 2022) (plurality op.). We strictly construe those requirements because statutes allowing for interlocutory appeals are an exception to the general rule that only final judgments are appealable. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019).[1]

---

[1] We note that shortly after *Sabre Travel*, the supreme court seemed to cast some doubt on this general rule and the corresponding strict-construction requirement. *See Dallas Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 759 (Tex. 2019). *Dallas Symphony* explained that "[l]imiting appeals to final judgments can no longer be said to be the general rule," and that "characterizations of textual interpretations as 'strict', 'liberal', 'narrow', 'broad', and the like are not helpful when, as is usually the case, the real goal is simply a 'fair' reading of the language." *Id.* However, the supreme court has since repeatedly explained that limiting appeals to final judgments is still the general rule. *See, e.g.*, *CPS Energy v. Elec. Reliability Council of Tex.*, 671 S.W.3d 605, 614 (Tex. 2023) ("The general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment."); *Matter of Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam) (same quote); *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 632 (Tex. 2021) (same quote); *but see Indus. Specialists*, 652 S.W.3d at 14 (quoting *Dallas Symphony*'s "observ[ation]" regarding the general final judgment rule).

Additionally, since *Dallas Symphony*, this Court and other courts of appeals continue to apply the general final judgment rule's strict-construction requirement. *See, e.g.*, *Taylor v. Norton*, No. 06-24-00015-CV, 2024 WL 4181810, at *2 (Tex. App.—Texarkana Sept. 13, 2024, no pet. h.) (mem. op.); *Culberson Midstream Equity, LLC v. Energy Transfer LP*, No. 05-23-01126-CV, 2024 WL 3174266, at *1 (Tex. App.—Dallas June 26, 2024, pet. filed) (mem. op.); *Right-Way Sand Co. v. S. Tex. Pipelines LLC*, No. 01-23-00573-CV, 2024 WL 1862861, at *4 (Tex. App.—Houston [1st Dist.] Apr. 30, 2024, pet. filed) (mem. op.); *JETX Energy, LLC v. Lonestar Operating, LLC*, No. 10-23-00073-CV, 2023 WL 3346572, at *1 (Tex. App.—Waco May 10, 2023, no pet.) (mem. op.); *3CM, LLC v. Trimble*, No. 04-22-00233-CV, 2023 WL 2672900, at *8 (Tex. App.—San Antonio Mar. 29, 2023, pet. denied) (mem. op.); *City of Hous. v. Mejia*, No. 14-22-00447-CV, 2023 WL 2029810, at *2 (Tex. App.—Houston [14th Dist.] Feb. 16, 2023, no pet.) (mem. op.); *Cent. States Water Res., Inc. v. Terra Sw., Inc.*, No. 02-22-00135-CV, 2022 WL 3273595, at *2 (Tex. App.—Fort Worth Aug. 11, 2022, no pet.) (mem. op.); *Abbot v. Doe*, No. 03-22-00107-CV, 2022 WL 710093, at *1 (Tex. App.—Austin Mar. 9, 2022, no pet.) (mem. op.); *JAJ Equip., Inc. v. Ramos*, No. 04-21-00459-CV, 2021 WL 6127925, at *2 (Tex. App.—San Antonio Dec. 29, 2021, no pet.); *cf. Kosar v. KPH-Consolidation, Inc.*, No. 14-19-00401-CV, 2020 WL 7074223, at *2 (Tex. App.—Houston [14th Dist.] Dec. 3, 2020, no pet.) (mem. op.) (recognizing *Dallas Symphony*'s abandonment of the strict-construction requirement but only with respect to section 51.014(a)(6)); *but see Matter of Bumstead Fam. Irrevocable Tr.*, No. 13-20-00350-CV, 2022 WL 710159, at *14 (Tex. App.—Corpus Christi–Edinburg Mar. 10, 2022, pet. denied) (mem. op.) (noting *Dallas*

Regarding section 51.014(d)'s second requirement, generally, a trial court will make a finding that an appeal will facilitate final resolution of the case "when resolution of the legal question dramatically affects recovery in a lawsuit." *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 545 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (quoting Renee Forinash McElhaney, *Toward Permissive Appeal in Texas*, 29 ST. MARY'S L.J. 729, 747–49 (1998)). Conversely, when other issues are left pending in the litigation, ultimate termination of the litigation is not advanced by allowing immediate appeal of an otherwise interlocutory order. *Singh*, 2023 WL 8642555, at *3; *see also ADT Sec. Servs., Inc. v. Van Peterson Fine Jewelers*, No. 05-15-00646-CV, 2015 WL 4554519, at *3 (Tex. App.—Dallas July 29, 2015, no pet.) (mem. op.) (explaining that final resolution of the case would not be materially advanced because, regardless of result on appeal, "neither party would seek judgment without further litigation").

## Discussion

Having reviewed Zurich's petition and the parties' respective briefing, we conclude that an immediate appeal from the partial summary judgment order would not materially advance the ultimate termination of the litigation or, at least, that

---

*Symphony*'s clarification regarding the final judgment rule and its change from a strict-construction to a fair-reading standard).

Based on the foregoing, we continue to adhere to the general final judgment rule and its corresponding strict-construction requirement. Nevertheless, and setting aside whether *Dallas Symphony* intended to change the standard of review or simply offer a more helpful characterization of the standard of review, this opinion is not dependent on a strict construction of section 51.014. We would reach the same conclusion under a "fair" reading of the statute.

Zurich failed to establish such a material advancement. Were we to grant the petition, regardless of how we might resolve the appeal and the legal questions at issue, neither party would seek judgment without further litigation. *See, e.g.*, *ADT Sec. Servs.*, 2015 WL 4554519, at *3. Zurich filed a narrow motion for partial summary judgment on one of MB2's three grounds to establish liability for breach of contract. Even if summary judgment should have been granted in Zurich's favor, MB2's two other breach of contract claims under separate coverage provisions would remain, as would MB2's additional claims of violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing.

This Court and other courts of appeals have repeatedly explained that "when other issues are left pending in the litigation, ultimate termination of the litigation is not advanced by allowing immediate appeal of an otherwise interlocutory order." *See Singh*, 2023 WL 8642555, at *3 (citing cases); *Wholesale, Inc. v. Hous. Specialty Ins. Co.*, No. 01-23-00867-CV, 2024 WL 234745, at *2 (Tex. App.—Houston [1st Dist.] Jan. 23, 2024, no pet.) (mem. op.) (per curiam) (same quote); *Est. of Barton*, No. 06-21-00009-CV, 2021 WL 1031540, at *5 (Tex. App.—Texarkana Mar. 18, 2021, no pet.) (mem. op.) (same quote). Zurich argues that "complete resolution of the case is not the standard for granting a permissive appeal; otherwise, a statute granting permissive interlocutory appeals before final judgment would be fairly useless." Zurich cites no authority for this argument, apparently relying on general logic. But Zurich's premise is faulty to the extent it conflates the "may materially

advance" standard with a "must completely resolve" standard. We agree that to satisfy the material advancement standard a complete resolution is not necessary—although, the possibility of a complete resolution could be sufficient. We do not hold Zurich to a "must completely resolve" standard. We simply conclude that the "may materially advance" standard is not satisfied where, as here, other significant issues and claims are not only left pending but also would be unaffected by how the certified question of law and challenged order may be resolved. *See Singh*, 2023 WL 8642555, at *3.

Zurich further contends, albeit in a conclusory fashion, that MB2's other coverage claims are futile and that "there appear to be no disputed fact issues as to those claims, and it is likely they will be resolved on summary judgment." Zurich does not expressly address MB2's extra-contractual claims but may have vaguely referenced them when making another conclusory assertion that "MB2's other claims are not viable, or at the very least, should not require trial." Zurich cites no authority that allegedly futile claims should not be included in the material-advancement test or that we can even make the threshold determination whether a claim is futile, especially one that is outside the order to be appealed and whose viability has never been briefed—let alone challenged—in the trial court.

Based on the foregoing, we conclude that Zurich has not satisfied the second requirement of section 51.014(d), i.e., that allowing an immediate appeal from the partial summary judgment order may materially advance the ultimate termination of

this litigation. *See Singh*, 2023 WL 8642555, at *3; *ADT Sec. Servs., Inc.*, 2015 WL 4554519 at *3; *see also Indus. Specialists*, 652 S.W.3d at 21 ("[W]e are not inclined to allow the permissive-appeal process to morph into an alternative process for direct appeals to this Court, particularly from orders denying summary-judgment motions."). Accordingly, we deny Zurich's petition for permissive appeal.

240288f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE