ACCEPTED
15-25-00021-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/17/2025 9:24 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00021-CV

In the Fifteenth Court of Appeals
Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

3/17/2025 9:24:36 PM

CHRISTOPHER A. PRINE
Clerk

PFIZER INC. and TRIS PHARMA, INC.,
Petitioners/Defendants,

v.

The STATE OF TEXAS and TARIK AHMED,
Respondents/Plaintiffs.

Permissive appeal from the 71st Judicial District Court, Harrison County, Texas

## Reply In Support of Defendants' Petition for Permission to Appeal

Edward D. Burbach (No. 03355250)
Stacy R. Obenhaus (No. 15161570)
600 Congress, Suite 2900
Austin, Texas 78701
eburbach@foley.com
sobenhaus@foley.com
Tel: 512.542.7070

Samantha Barrett Badlam (Pro hac pending)
Stefan P. Schropp (Pro hac pending)
2099 Pennsylvania Ave., N.W.
Washington, D.C. 20006-6807
samantha.badlam@ropesgray.com
stefan.schropp@ropesgray.com
Tel: 202.508.4734

George Valton ("Val") Jones (No. 10888050)
109 West Austin St.
Marshall, Texas 75670-3340
val@valjoneslaw.com
Tel: 903.927.2220

*Counsel for Pfizer Inc.*

Harry "Gil" Gillam, Jr. (No. 07921800)
Tom Gorham (No. 24012715)
303 S. Washington Ave.
Marshall, Texas 75670
gil@gillamsmithlaw.com
tom@gillamsmithlaw.com
Tel: 903.934.8450

William E. Lawler III (Pro hac pending)
1825 Eye St. N.W.
Washington, D.C. 20006-5403
william.lawler@blankrome.com
Tel: 215.569.5449

*Counsel for Tris Pharma, Inc.*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................1

I.     THE ORDER SATISFIES SECTION 51.014(D)'S
REQUIREMENTS. ...........................................................................................1

      A.    *The Response Concedes that Defendants' Appeal Presents a
Controlling Question of Law.* ............................................................1

      B.    *The Controlling Question of Law for Which Substantial Ground
for Difference of Opinion Exists Remains Consistent with What
the Trial Court Certified for Interlocutory Appeal* ............................3

      C.    LabCorp *Reinforced the Fact that Substantial Ground for
Difference of Opinion Exists.* ...........................................................6

      D.    *Texas Law Requires Only That an Interlocutory Appeal Narrow
the Claims or Issues in Dispute In Order to Materially Advance
the Litigation, Which This Appeal Easily Accomplishes.* ...................7

II.    THE SECOND AMENDED PETITION NEITHER MOOTS THIS
APPEAL NOR ALTERS THE NATURE OF THE ORDER FROM
WHICH APPEAL IS SOUGHT. ........................................................................9

CONCLUSION ..........................................................................................................10

# INDEX OF AUTHORITIES

**Cases**                                           **Page(s)**

*City of Houston v. Houston Pro. Fire Fighters' Ass'n, Local 341*,
626 S.W.3d 1, 23 (Tex. App.—Houston [14th Dist.] 2021), *aff'd*, 664 S.W.3d 790 (Tex. 2023) ...............................................................................4

*City of San Antonio v. Spectrum Gulf Coast, LLC*,
No. 13-23-00342-CV, 2024 WL 3199166 (Tex. App.—Corpus Christi-Edinburg June 27, 2024)..................................................................................7

*Enter. Prods. Partners v. Mitchell*,
340 S.W.3d 476 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd)................8

*Gulf Coast Asphalt Co., v. Lloyd*,
457 S.W.3d 539, 544 (Tex. App.—Houston [14th Dist.] 2015, no pet.). ........1, 3

*Kearns v. Heller*,
No. 08-23-00300-CV, 2024 WL 3049471 (Tex. App.—El Paso June 18, 2024, pet. filed) ....................................................................................................9

*Lindsey v. Montgomery Cent. Appraisal Dist.*,
No. 09-17-00321-CV, 2019 WL 2039874 (Tex. App.—Beaumont May 9, 2019, no pet.) ......................................................................................10

*Malouf v. State ex rel. Ellis*,
694 S.W.3d 712, 721 (Tex. 2024) ................................................................3, 5

*State v. Lab'y Corp. of Am. Holdings*,
No. 01-23-00043-CV, 2024 WL 5249087 (Tex. App.—Houston [1st. Dist.] Dec. 31, 2024)..................................................................................6

*Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*,
567 S.W.3d 725, 736 (Tex. 2019) ...................................................................7

**Other Authorities**

Tex. Hum. Res. Code § 36.002.................................................................*passim*

Tex. Hum. Res. Code § 36.0011 ........................................................................2

Tex. R. App. P. 29.5...........................................................................................9

Tex. R. Civ. P. 63.................................................................................10

Tex. R. Civ. P. 65.................................................................................10

# ARGUMENT

The question of whether Section 36.002(7)(C) of the Texas Medicaid Fraud Prevention Act ("TMFPA") requires materiality readily satisfies the permissive interlocutory appeal requirements. Plaintiffs' response provides no persuasive argument to the contrary. Instead, it either avoids the substance of Defendants' arguments in favor of technicalities or, when it does engage, bolsters the case for interlocutory review. The Court should therefore accept Defendants' appeal and address this critical and unresolved question of Texas law.

## I. THE ORDER SATISFIES SECTION 51.014(D)'S REQUIREMENTS.

### A. *The Response Concedes that Defendants' Appeal Presents a Controlling Question of Law.*

Plaintiffs effectively concede—as they must—that materiality presents a controlling question of law in this case. Faced with that reality, Plaintiffs instead mount two arguments that only serve to underscore the good-faith nature of this dispute; first by highlighting a scienter requirement that does nothing to obviate the strict liability standard Plaintiffs would impose on the type of *conduct* prohibited by the TMFPA and, second, by noting that they have not pleaded materiality because they believe it is not required under Section 36.002(7)(C). Resp. 11–12. Both arguments illustrate that the parties' disagreement is a "legitimate" one and the importance of resolving the critical question of materiality. *See Gulf Coast Asphalt Co., v. Lloyd*, 457 S.W.3d 539, 544 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

First, the parties agree that the TMFPA requires Plaintiffs to prove that Defendants *knowingly* caused to be made a claim to Texas Medicaid for a product that has been adulterated—that is, with actual knowledge, conscious indifference, or reckless disregard of the alleged conduct that supposedly adulterated the product for which a claim was made. *See* Tex. Hum. Res. Code § 36.0011(a). But that knowledge requirement is a separate and independent element of Plaintiffs' claims. The instant disagreement is about whether that conduct—which in this case is alleged violations of current Good Manufacturing Practices ("cGMP") regulations—must be capable of influencing the decision-making of the Texas Health and Human Services Commission ("HHSC"). Under Plaintiffs' reading, so long as Defendants had knowledge of the cGMP violation, regardless of how technical or immaterial that violation may be, liability attaches to the claim to Medicaid. Moreover, liability attaches *even if* HHSC had full knowledge of the violation and affirmatively decided to continue paying for the product. Plaintiffs' interpretation thus reads fraud *out* of the TMFPA, in effect imposing a strict liability standard because any cGMP violation can be grounds for a TMFPA case so long as the Defendants knew about that violation. *Liability*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining strict liability as "liability without fault"). Accordingly, scienter does nothing to stop the "absurd results" that would follow without a materiality requirement as mere

2

technical violations with no fraud could be grounds for a TMFPA action. *See Malouf v. State ex rel. Ellis*, 694 S.W.3d 712, 721 (Tex. 2024).

Second, Plaintiffs' argument that they did not "fail" to plead materiality because it was not required merely proves that there is a legitimate disagreement over the law. In fact, that is the dispute: Plaintiffs contend that they are not required to plead or ultimately prove that Defendants' conduct was material to the State Medicaid Board and, instead, can prevail on any de minimis non-compliance with a cGMP regulation that resulted in a product being "adulterated" under the federal Food, Drug and Cosmetic Act ("FDCA") and its Texas analogue, the TFDCA— neither of which is referenced anywhere in the TMFPA. *See* Second Am. Pet. ("SAP") ¶ 20. It is not at all surprising that a legitimate disagreement would arise in the context of such an extreme interpretation of the law—one that would effectively strip fraud from the TMFPA and have a substantial chilling effect on provider participation in the Texas Medicaid program. *See Gulf*, 457 S.W.3d at 544.

B. *The Controlling Question of Law for Which Substantial Ground for Difference of Opinion Exists Remains Consistent with What the Trial Court Certified for Interlocutory Appeal*

As an initial matter, there is simply no daylight between the question presented to this Court and the question the trial court certified for review, which that court described as "[w]hether Section 36.002(7)(C) of the Texas Human Resource Code requires a showing of materiality." Pet., App. A. at 1. Resolving

that question necessarily requires evaluating Section 36.002(7)(C)'s use of the term "adulterated," the definition of that term, and whether that term inherently includes materiality. There is no other conceivable method for addressing the question certified by the trial court, as interpreting the provision necessitates a close examination of Section 36.002(7)(C)'s language, including the meaning of and legislative intent behind that language. Plaintiffs in this case have seemingly sought to import a definition of "adulteration" from two different statutes (the FDCA and TFDCA) with completely different enforcement regimes, neither of which is referenced in the TMFPA. *See* Pet. 19–20. The present situation is thus fundamentally different from the case Plaintiffs cite, where the Defendant sought interlocutory review of several questions that were wholly distinct from, and unrelated to, the questions certified for interlocutory review. *Cf. City of Houston v. Houston Pro. Fire Fighters' Ass'n, Local 341*, 626 S.W.3d 1, 23 (Tex. App.— Houston [14th Dist.] 2021) (addressing questions about the constitutionality of certain laws that were certified for interlocutory review, while declining to hear newly-raised, unrelated questions concerning a summary judgment denial) *aff'd*, 664 S.W.3d 790 (Tex. 2023). Whether the adulteration prong of Section 36.002(7)(C) requires materiality turns on what "adulterated" means in the context of the TMPFA when there is no definition within the statute.

4

Moreover, Defendants have consistently argued that Section 36.002(7)(C) requires a materiality showing and that the meaning of "adulterated" is informed by the surrounding language. *See* Pfizer's Mem. of Law in Support of Mot. to Dismiss Plfs' First Am. Pet. 32–37 (Feb. 5, 2024). Tellingly, Plaintiffs devote one part of their response to the suggestion that the materiality issue is somehow being raised for the first time, while using another portion of the same brief to chastise Defendants for continuing to raise the same issue time and again. *See* Resp. 5 (criticizing Defendants for raising this materiality issue for a "fifth time," while ignoring the fact that Defendants continue raising this issue because it keeps arising in other cases brought by the State). But both of those things cannot be true, and the reality is that the question presented to this Court is precisely the one that was presented in Defendants' briefing and arguments to the trial court, and precisely the question certified to this Court for resolution.

Plaintiffs do not engage with Defendants' arguments that the highly technical term "adulterated" necessarily requires the searching statutory analysis compelled by *Malouf*—itself a much simpler case that was concerned only with the definition of the word "and"—and that, consistent with *Malouf*, any ambiguities must be "strictly construed" in Defendants' favor. While repeatedly claiming that Section 36.002(7)(C) is "clear and unambiguous," Plaintiffs' response declines to say what the term "adulterated" means under that provision. *See* Resp. 15, 16. This is not

5

surprising given that, in order to do so, they would have to point to *other* statutory schemes to find a definition, which is only appropriate if the TMFPA is, in fact, ambiguous as Defendants have consistently argued.

Moreover, Defendants' proposed reading of "adulterated" would bring that word in harmony with the remainder of Section 36.002(7)(C) by clarifying that all of the conduct proscribed by that section requires materiality. Indeed, Defendants contend that the other acts outlined in Section 36.002(7)(C)—submitting claims for products that were "mislabeled, debased, or [] otherwise inappropriate"— necessarily imply materiality as well. *See* Pet. 11. It follows, then, that as with these other categories of prohibited conduct, a product is "adulterated" for the purposes of Section 36.002(7)(C) when the defendant has fundamentally altered the product HHSC chose to reimburse. *Id.*

C.  LabCorp *Reinforced the Fact that Substantial Ground for Difference of Opinion Exists.*

Finally, Plaintiffs' extensive discussion of the recent *Labcorp* decision—*State v. Lab'y Corp. of Am. Holdings*, No. 01-23-00043-CV, 2024 WL 5249087 (Tex. App.—Houston [1st. Dist.] Dec. 31, 2024)— illustrates that substantial room for disagreement exists: two able Texas state courts reached completely opposite conclusions about whether another TMFPA provision contained a materiality component despite not explicitly referencing the word "material." Nor does the existence of contrary, non-binding authority concerning a *different TMFPA*

6

*provision with different operative language* eliminate room for disagreement about Section 36.002(7)(C)'s materiality requirement.  Therefore, this Court—which the legislature established to ensure that "state statutes are applied uniformly throughout Texas" and to provide "businesses [with] a sophisticated and efficient process to resolve their disputes"—should resolve the materiality question raised in Defendants' appeal.  *See Governor Abbott Appoints Inaugural Members to Fifteenth Court of Appeals*, Office of the Texas Governor (Sept. 5, 2023), https://gov.texas.gov/news/post/governor-abbott-appoints-inaugural-members-to-fifteenth-court-of-appeals.[1]

D. *Texas Law Requires Only That an Interlocutory Appeal Narrow the Claims or Issues in Dispute In Order to Materially Advance the Litigation, Which This Appeal Easily Accomplishes.*

The Texas Civil Practice & Remedies Code requires only that an interlocutory appeal materially advance the ultimate termination of the litigation.  *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019).  As a result, courts often grant interlocutory appeals that will not necessarily lead to the immediate dismissal of the entire case.  *See*, *e.g.*, *id.*; *City of San Antonio v. Spectrum*

---

[1] Plaintiffs' aspirational claims about what they might ultimately prove about Defendants' conduct are just another red herring.  Resp. 17–18.  The question here is not a factual one about whether Plaintiffs *could* prove that Defendants' conduct was material; it is a legal question of whether they *must* prove this.  Defendants submit that Plaintiffs must and that they cannot do so.  Indeed, though heavy on mock outrage, Plaintiffs cannot even allege that the Quillivant XR at issue failed to work as intended—the most Plaintiffs can allege is that "Defendants could not say whether the drug was working as intended[.]"  *Id.* at 17.

*Gulf Coast, LLC*, No. 13-23-00342-CV, 2024 WL 3199166, at *2 (Tex. App.—Corpus Christi-Edinburg June 27, 2024); *Enter. Prods. Partners v. Mitchell*, 340 S.W.3d 476 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd).

As the trial court recognized and Defendants explained extensively in their Joint Petition, an immediate appeal would materially advance the ultimate termination of this litigation by narrowing the claims in play or, at a minimum, defining what Plaintiffs must prove to recover under their central cause of action. *See* Pet. at 22. This will have a palpable effect on all phases of the forthcoming litigation, including discovery, summary judgment, and ultimately trial. *Id.* Plaintiffs' feeble attempt to argue that it would not—because they "would still need to conduct discovery into … [various] issues relating to materiality"—again just ends up making Defendants' point: yes, if this Court rules in favor of Defendants, it will dramatically change what discovery will need to be taken. *See* Response at 20.

Furthermore, resolving the materiality question in the context of an interlocutory appeal would obviate the glaring inefficiencies that will otherwise result from forcing the parties through trial under an ambiguous statute. And any purported concerns about delay are belied by the fact that Plaintiffs waited more than five years after the alleged underlying conduct to file a suit that does not allege any

8

ongoing harm. Accordingly, the interests of judicial economy and conservation of party resources strongly favor resolving the merits of Defendants' appeal now.

## II. THE SECOND AMENDED PETITION NEITHER MOOTS THIS APPEAL NOR ALTERS THE NATURE OF THE ORDER FROM WHICH APPEAL IS SOUGHT.

Plaintiffs' attempt to leverage their filing of a Second Amended Petition—which did nothing more than drop a request for injunctive relief against Pfizer (ten days before the interlocutory appeal hearing in the trial court)—is plainly a red herring that neither moots this appeal nor alters the nature of the order from which appeal is sought. Plaintiffs filed the Second Amended Petition solely to moot Pfizer's motion for partial summary judgment—which Pfizer was forced to file after Plaintiffs repeatedly refused to voluntarily remove their improper injunction request—which is not at issue in this appeal. This is plainly ***not*** a situation where, during an interlocutory appeal, a *trial court amends the order being appealed* in such a way as to moot the appeal such that Tex. R. App. P. 29.5 might apply, which is precisely why Plaintiffs concede, as they must, that the petition "does not alter the cause of action that this proposed appeal concerns." Resp. 10.

The amendment has no bearing whatsoever on the substance of this appeal: a ruling as to either the earlier petition or this Second Amended Petition would involve the same controlling question of law, and that question's resolution would still materially advance the termination of this litigation. As the caselaw makes clear,

9

the amended pleading under these circumstances is of no consequence to this Court's appellate jurisdiction. *See Kearns v. Heller*, No. 08-23-00300-CV, 2024 WL 3049471, at *1-2 (Tex. App.—El Paso June 18, 2024, pet. filed) (entertaining appeal from ruling on motion to transfer venue despite subsequent amendment of complaint); *Lindsey v. Montgomery Cent. Appraisal Dist.*, No. 09-17-00321-CV, 2019 WL 2039874, at *2 (Tex. App.—Beaumont May 9, 2019, no pet.) (resolving appeal of issue concerning a particular claim included in original petition but excluded from an amended petition).

Indeed, if Plaintiffs' position were accepted, a plaintiff opposing an interlocutory appeal could simply amend the operative pleading each time the trial court grants permission to appeal (or schedules a hearing on an interlocutory appeal motion), *see* Tex. R. Civ. P. 63, 65, thereby precluding appellate review as provided by Texas law. That result would, of course, be absurd. The Court should therefore ignore Plaintiffs' transparent attempt to distract from the true issue at hand: whether Defendants' appeal satisfies Section 51.014(d)'s requirements for interlocutory review.

## CONCLUSION

For all of the foregoing reasons, as well as those stated in Defendants' Joint Petition for Permission to Appeal, the Court should accept Defendants' appeal and address the merits of the issue presented herein.

10

Date: March 17, 2025

Respectfully submitted,

**FOLEY & LARDNER LLP**
*By:/s/ Edward D. Burbach*
Edward D. ("Ed") Burbach
Texas State Bar No. 03355250
Stacy R. Obenhaus
Texas State Bar No. 15161570
600 Congress Avenue, Suite 2900
Austin, Texas 78701
eburbach@foley.com
sobenhaus@foley.com
(512) 542-7070

**ROPES & GRAY LLP**
Samantha Barrett Badlam
(application for *pro hac* admission pending)
Stefan P. Schropp
(application for *pro hac* admission pending)
2099 Pennsylvania Ave., N.W.
Washington, DC 20006-6807
samantha.badlam@ropesgray.com
stefan.schropp@ropesgray.com
(202) 508-4734

**THE VAL JONES LAW FIRM**
George Valton ("Val") Jones
Texas State Bar No. 10888050
109 West Austin St.
Marshall, TX 75670-3340
val@valjoneslaw.com
(903) 927-2220

*Counsel for Pfizer Inc.*

**GILLAM & SMITH LLP**
*By:/s/ Harry Gillam, Jr.*
Harry "Gil" Gillam, Jr.
Texas State Bar. No. 07921800
Tom Gorham
Texas State Bar. No. 24012715
303 S. Washington Ave.
Marshall, Texas 75670
gil@gillamsmithlaw.com
tom@gillamsmithlaw.com
(903) 934-8450

**BLANK ROME LLP**
William E. Lawler III
(application for *pro hac* admission pending)
1825 Eye Street NW
Washington, D.C. 20006
william.lawler@blankrome.com
(202) 420-2249

*Counsel for Tris Pharma, Inc.*

11

## CERTIFICATE OF COMPLIANCE

I certify that according to the word count of the computer program used to prepare this document, this document contains 2,353 words, not counting the parts of the document excluded under TRAP 9.4(i).


*/s/ Edward D. Burbach*
Edward D. Burbach

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served by delivery to counsel through the electronic case manager on March 17, 2025:

**COUNSEL FOR THE STATE OF TEXAS**
Jonathan Bonilla
Jordan Underhill
Vivian Egbu
Brittany Peters
Office of the Attorney General, Civil
Medicaid Fraud Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
jonathan.bonilla@oag.texas.gov
jordan.underhill@oag.texas.gov
vivian.egbu@oag.texas.gov
brittany.peters@oag.texas.gov
(512) 475-4169

**BROWN, LLC**
Jason T. Brown
jtb@jtblawgroup.com
Patrick S. Almonrode
patalmonrode@jtblawgroup.com
111 Town Square Place, Suite 400
Jersey City, NJ 07310
(877) 561-0000

**POTTER MINTON, P.C.**
Michael E. Jones
mikejhones@potterminton.com
E. Glenn Thames, Jr.
glennthames@potterminton.com
102 North College, Suite 900
Tyler, TX 75702
(903) 597-8311


*/s/ Edward D. Burbach*
Edward D. Burbach

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Lang on behalf of Edward Burbach
Bar No. 3355250
paul.lang@ropesgray.com
Envelope ID: 98558335
Filing Code Description: Other Brief
Filing Description: Reply in Support of Defendants' Petition for Permission to Appeal
Status as of 3/18/2025 8:23 AM CST

Associated Case Party: Pfizer Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stacy Obenhaus | | sobenhaus@foley.com | 3/17/2025 9:24:36 PM | SENT |
| Kristin Hernandez | | kristin.hernandez@foley.com | 3/17/2025 9:24:36 PM | SENT |
| Stefan Schropp | | stefan.schropp@ropesgray.com | 3/17/2025 9:24:36 PM | SENT |
| Samantha BarrettBadlam | | samantha.badlam@ropesgray.com | 3/17/2025 9:24:36 PM | SENT |
| Edward Burbach | | eburbach@foley.com | 3/17/2025 9:24:36 PM | SENT |
| George Valton | | val@valjoneslaw.com | 3/17/2025 9:24:36 PM | SENT |

Associated Case Party: Tris Pharma Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Harry Gillam | 7921800 | gil@gillamsmithlaw.com | 3/17/2025 9:24:36 PM | SENT |
| Andrew Gorham | 24012715 | tom@gillamsmithlaw.com | 3/17/2025 9:24:36 PM | SENT |
| William E.Lawler, III | | william.lawler@blankrome.com | 3/17/2025 9:24:36 PM | SENT |
| Bobbye Pyke | | Bobbye.Pyke@blankrome.com | 3/17/2025 9:24:36 PM | SENT |
| Huaou Yan | | huaou.yan@blankrome.com | 3/17/2025 9:24:36 PM | SENT |

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan Bonilla | 24073939 | Jonathan.Bonilla@oag.texas.gov | 3/17/2025 9:24:36 PM | SENT |
| Jordan Underhill | 24102586 | jordan.underhill@oag.texas.gov | 3/17/2025 9:24:36 PM | SENT |
| Nadia Burns | 24041176 | nadia.burns@oag.texas.gov | 3/17/2025 9:24:36 PM | SENT |
| Vivian Egbu | | vivian.egbu@oag.texas.gov | 3/17/2025 9:24:36 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Lang on behalf of Edward Burbach
Bar No. 3355250
paul.lang@ropesgray.com
Envelope ID: 98558335
Filing Code Description: Other Brief
Filing Description: Reply in Support of Defendants' Petition for Permission to Appeal
Status as of 3/18/2025 8:23 AM CST

Associated Case Party: Tarik Ahmed

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Earl Thames | 785097 | Glennthames@potterminton.com | 3/17/2025 9:24:36 PM | SENT |
| Jason T.Brown | | jtb@jtblawgroup.com | 3/17/2025 9:24:36 PM | SENT |
| Patrick S.Almonrode | | patalmonrode@jtblawgroup.com | 3/17/2025 9:24:36 PM | SENT |
| Michael E.Jones | | mikejones@potterminton.com | 3/17/2025 9:24:36 PM | SENT |